ROST *vs.* MAYOR ET AL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

The third section of the act of the legislature, approved March 6, 1834, which authorizes the corporation of New-Orleans, *to cause to be sold for the account of whom it may concern*, any objects or property whatever, which encumber the levee, streets, &c., and are suffered to remain in these places for a longer time than the ordinances permit, *is unconstitutional*, and the owner can recover the value of the objects thus sold, from the corporation.

The corporation possesses the power to abate nuisances and of removing encumbrances from the levee, streets, &c., at the expense of the proprietor.

This is an action against the corporation of New-Orleans, to recover the sum of three thousand five hundred dollars, the alleged value of two rollers of an iron sugar mill, and the iron and brass frame work belonging thereto, which, the plaintiff states, the corporation took forcible and illegal possession of, and caused them to be sold without any legal authority.

The corporation pleaded a general denial. On the trial it justified and offered evidence to show that the objects in question remained on the levee for a long while, in contravention of the city ordinances for the abatement of nuisances.

The following notice was given in evidence. " Whereas, several reports of the city surveyor have presented as a nuisance and an obstacle to the passage of the levee and streets, two iron cylinders, and an old boiler and several other pieces of cast iron, which have been obstructing the public way between Custom-House and Bienville streets for almost eighteen months: notice is hereby given, that if said obstructions are not removed *on a delay of five days* from this date, they will be sold at public auction, &c., for the account of whom it may concern at the expiration of said delay.

D. PRIEUR, Mayor."

The corporation justified its proceedings under the third section of an act of the legislature, approved March 6, 1834, explaining the extent of its powers, which provides among other things, that it may " order any objects, whatever may be their value, which may encumber the levee, streets, public places, &c., or prevent or embarrass the public use of the same to be removed, *or cause to be sold for the account of whom it may concern*, in the same manner and after such advertisements as shall be required by such regulations.

The parish judge, in an elaborate opinion, came to the conclusion that the law under which the corporation acted and justified its proceedings, was unconstitutional ; that the owner of property could only be divested of it *by due process of law, &c.* There was judgment for the plaintiff for the amount of his claim, and the corporation appealed.

*L. Janin,* for the plaintiff, showed that the case of *Lanfear* vs. *Mayor et al.,* 4 *Louisiana Reports,* 97, is precisely a case in point, supporting this one, and that judgment should be affirmed.

*Canon* and *Hoa,* for the appellants.

*Simon, J.,* delivered the opinion of the court :

The plaintiff sues to recover a sum of three thousand five hundred dollars, alleged to be the value of two rollers of an English iron sugar mill, and of the iron frame and brass works thereof, which, he states, were illegally taken possession of by the defendants, and by them caused to be sold for the sum of eighteen dollars, in his absence, without his knowledge, and in violation of his right of ownership.

There was judgment in the court below in favor of the plaintiff for the amount claimed, and the defendants appealed.

It appears that in consequence of an act of the legislature approved on the 6th of March, 1834, entitled " an act to explain the extent of the powers vested by law in the Mayor and City Council of the city of New-Orleans, and for other purposes," the corporation of New-Orleans thought them-

selves authorized to maintain a former ordinance prescribing, that all property remaining on the levee or in the streets, for a longer time than allowed by the police regulations of the city, should be removed or sold for the account of whom it may concern; and that by virtue of the said ordinance, and after several reports made by the city surveyor, the plaintiff's cylinder, and other objects, were sold at public auction. But the plaintiff contends that the act of the legislature and the ordinance of the corporation are unconstitutional, as their effect would be to divest citizens of their property without trial in due course of law.

This case presents exactly the same question as that decided upon by this court in the case of *Lanfear* vs. *Mayor et al.*, 4 *Louisiana Reports*, 97; except, however, that at that time, the ordinance of the corporation was not specially authorized by any law of the legislature; and this court was then of opinion, that not only any such power was not conferred by the act of incorporation, but that none such could be constitutionally conferred. We think the parish judge did not err in considering the third section of the law passed by the legislature on the 6th of March, 1834, as unconstitutional, and in declaring it to be so, so far as it authorizes the enforcing of a forfeiture, and empowers the corporation to divest the owner of his property without trial in due course of law. The object of the law was to give to the corporation the power of abating a nuisance, and if, in their opinion, there was any need of a special enactment of the legislature for that purpose, it seems to us that their object was sufficiently attained by obtaining the power of removing the encumbrances on the levee, streets, &c., at the expense of the proprietor; without being necessary to resort to unconstitutional means of redress.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.