## CITY of STILLWATER et al. v. LOVELL et al.

No. 21111. Opinion Filed Oct. 11, 1932.

J. W. Reece, for plaintiffs in error.

Wilcox & Swank, for defendants in error.

CULLISON, J. This is an injunctional proceeding wherein plaintiffs instituted this action in the district court of Payne county, Okla., praying an injunction against defendants herein to prohibit defendants from interfering with the use and operation of certain improvements constructed and maintained by plaintiffs as by the record shown.

Plaintiffs for their cause of action against defendants allege and state:

"Petition.

"Comes now the plaintiffs and for cause of action against the defendants and each of them allege and state;

"1. That the plaintiffs are residents and taxpayers of the city of Stillwater, Payne county, state of Oklahoma, and are the owners of certain real property in said city described as the west 50 feet of lots 9, 10, 11, and 12 of block 29, original town, now city of Stillwater, Payne county, state

of Oklahoma; and in addition thereto an easement for right of way.

"2. That the defendant, city of Stillwater, is a municipal corporation and city of the first class under the Constitution and laws of the state of Oklahoma. The defendant, G. M. Thompson, is and was at the times hereinafter stated the duly elected, qualified and acting mayor ex-officio police judge of said city; the defendant, O. W. Sollers, is the duly appointed, qualified, and acting chief of police.

"3. That prior to May 11, 1927, the plaintiffs negotiated with one George W. Allen to purchase the real estate above described on which there was then located a store building with apartments on the second floor thereof, with the intention of altering said building and to convert the lower floor thereof into a modern filling station, together with garage and offices, with the idea of using the same as a filling station and central location of their business which is the wholesale and retail vending of gasoline and other oil products; that accordingly the defendants caused a plan of said proposed building and the proportions thereof to be prepared by one F. W. Redlick, an architect, together with specifications therefor, and said plan and said specifications were submitted to the then board of commissioners of the city of Stillwater, Okla., for their approval with the idea of obtaining a permit to construct said building according to said plans and specifications; that the plans and specifications aforesaid definitely located the gasoline pumps, the driveway and the location of the sidewalk; that the said commissioners, being then in regular session on the 10th day of May, 1927, and having under consideration the plans and specifications aforesaid granted the permit to the defendants to construct said improvement in the manner specified in the said plans and specifications and permitted the defendants to locate the sidewalk at the place designated on said plans. A true and correct copy of said plan is hereto attached, marked Exhibit 'A' and made a part of this petition. That a true and correct copy of said building permit is hereto attached, marked Exhibit 'B' and made a part of this petition.

"4. That said defendants, having obtained said permit and in consideration thereof, purchased said property and constructed the building and improvements in strict conformity with the plans and specifications for which said permit was granted and located the said sidewalk at the place designated in said plans, and expended a sum in excess of $11,000 therefor.

"5. That said improvements were completed during the month of September, 1927, and that since that time up to the 21st day of December, 1929, the plaintiffs have used the same as designated in said plans and specifications, at which time the defendant,

O. W. Sollers, acting under the direction of G. W. Thompson, mayor, went upon the property of the plaintiff and attempted to relocate the sidewalk on the south side of plaintiff's property and painted two lines along the entire width of said property, said lines being four feet apart, the north line about 12 inches from the south property line, and notified the plaintiff that if they attempted to drive a car or to permit any of their customers to drive a car on or over said space, they would immediately be arrested; that later one of the plaintiffs, Asa Lovell, drove a car over and across said space and he was immediately arrested and taken to the office of the mayor of said city and charged with obstructing the sidewalk, and later was tried and convicted of said charge, and the defendants were then notified by said mayor and said chief of police that they or their customers would immediately be arrested if said space was again obstructed.

"6. Plaintiffs allege further that by reason of the acts of the defendants as aforesaid, the plaintiffs have been deprived of the use of their property, without due process of law; and that if the space designated as a sidewalk by said chief of police is permanently established as a sidewalk, the same would destroy the value of plaintiffs' business and the value of their property, and that they have no plain, adequate and complete remedy at law.

"Wherefore, premises considered, plaintiffs pray the court that the defendant, city of Stillwater, and the said mayor and said chief of police, their officers, agents, servants and employees, be enjoined and restrained from arresting the plaintiffs or any of their customers for obstructing the space designated by said officers as a sidewalk as aforesaid, and for such other relief as may be just and equitable, and for their costs herein expended."

December 26, 1929, the court issued a temporary restraining order and set the 10th day of January, 1930, as the day for hearing said order.

January 25, 1930, defendants filed a demurrer to plaintiffs' petition in words as follows, to wit:

"Demurrer.

"Now come the defendants in the above action and demur to the petition of plaintiffs herein on the following grounds:

"First: That said petition does not state facts sufficient to constitute a cause of action against defendants.

"Second: That said petition shows on its face that plaintiffs are entitled to no relief whatever.

"Third: That said petition shows on its face that plaintiffs have no equities in their favor."

January 31, 1930, the trial court rendered the following judgment:

"Journal Entry.

"Now, on this 31st day of January, 1930, the same being one of the regular judicial days of the regular January, 1930, term of said court, and said court being in regular judicial session, the above matter comes on for hearing on the application of plaintiffs for an injunction as heretofore assigned by the court for hearing on this day.

"Plaintiffs appear in person and by their attorneys, Wilcox & Swank, the defendant city appears by its attorney, J. W. Reece, city and defendants, G. M. Thompson and O. W. Sollers each appear in person and by their attorney, J. W. Reece.

"The demurrer of defendants to the petition of plaintiffs is presented and argued to the court, and the court overrules said demurrer and to which each defendant excepts, and said defendants announce that each elects to stand on the demurrer, and the court thereupon finds the issues in favor of plaintiffs and against defendants and each of them.

"It is by the court ordered, considered, adjudged and decreed that defendant city of Stillwater, and the said G. M. Thompson, mayor, and said O. W. Sollers, chief of police, and their officers, employees, and agents be and the same are each hereby enjoined and restrained from arresting plaintiffs, their agents, or any of their customers for obstructing the space designated by said officers as a sidewalk as shown by said petition, and that this injunction be permanent, and that plaintiffs recover their costs, and to all of which the defendants duly except; and said defendants and each of them give notice in open court of their intention to appeal to the Supreme Court of the state of Oklahoma, and said notice of appeal is duly entered by the clerk of the court on the trial docket of the court, and said defendants are granted by the court 30 days to make and serve case-made, with ten days to suggest amendments, and to be settled on five days notice.

"Charles C. Smith,
"District Judge."

From which judgment, defendants appeal. Parties will be referred to as they appeared in the court below.

The petition includes all exhibits thereto attached, and the demurrer is leveled against all.

The defendants, plaintiffs in error, say that the filling station of plaintiffs is on the north side of the street known as "Eighth avenue" in the city of Stillwater, Okla.; that said street runs east and west in said city; that the inside line of the sidewalk or paving constructed by plaintiffs and used as a driveway by plaintiffs is 11 feet south of the property line, and the outside line of said walk is 15 feet south of the property line; that said plaintiffs are using and controlling a strip of land in said street 11 feet in width upon which they maintain and conduct their private business known as a filling station; that pedestrians using said street when approaching said filling station are compelled to detour a distance of 11 feet and use a 4-foot sidewalk designated as a detour sidewalk; that said detour sidewalk is located on said avenue, the south side of which is 15 feet south of the north line of said street.

Defendants further contend that plaintiffs acquired no property rights in said street by reason of the permit granted to plaintiffs by the city council to reconstruct the building situate immediately north of said street.

That said permit confers no right upon plaintiffs to permanently appropriate any part of said street to their exclusive use and benefit. Defendants further contend that the construction of said paving and walks in said street by the plaintiffs and used by them to facilitate plaintiffs' business is an unwarranted obstruction upon the street and parking of said city. Defendants further contend that plaintiffs were not entitled to injunction; that injunction will not lie to restrain a city and its proper officers from proceeding to enforce, and punish by fine and imprisonment the violation of an ordinance. Golden v. City of Guthrie, 3 Okla. 128, 41 P. 350.

Plaintiffs allege and say: They are resident taxpayers of the city of Stillwater, Okla., and are the owners of certain real property in said city. That on the 10th day of May, 1927, the city commissioners of said city in regular session granted plaintiffs a permit to reconstruct the building owned by them. Plaintiffs say their application for a permit to reconstruct said building was accompanied by plans and specifications drawn by an architect. That said plans and specifications located the gasoline pumps, the driveway, and the location of the sidewalk; that the commissioners granted said permit to plaintiffs to construct said improvements in the manner specified in said plans and specifications and to locate the sidewalk at the place designated on said plans. Plaintiffs further contend that they used the improvements constructed by them under the permit granted by the city for nearly two years prior to any interference on the part of the city. That later on, the city officers went upon the property of plaintiff and relocated the side-

walk immediately south of the plaintiffs' property, and notified plaintiffs that any one driving a car, truck, or other vehicle over said sidewalk would be subject to arrest, fine, and imprisonment.

Thereafter, one of the plaintiffs violated the orders of the city officers by driving his car across or over the sidewalk designated by the city officers. Thereafter, plaintiff who drove his car across said designated sidewalk was arrested and caused to pay a fine. Plaintiffs then filed an action in the district court and obtained an injunction against defendants enjoining them from any further interference with plaintiffs' improvements. Defendants' demurrer, supra, to plaintiffs' petition was overruled and defendants bring the case to this court for review.

Plaintiffs, defendants in error, in their brief, page 11, contend: That the application of plaintiffs for a permit to reconstruct a building owned by them and abutting on said street was accompanied by plans and specifications and the issuance of said permit based upon their application authorized plaintiffs to construct the improvements in the street complained of. As we view this case, two questions may be suggested: First: Were plaintiffs authorized by the permit to erect in the street the improvements enumerated? And, Second: If the plaintiffs were authorized to erect improvements, could the city remove said improvements at will?

The permit granted by the city to the plaintiffs is as follows:

"Building Permit.
"No. 689. Stillwater, Okla., May 11, 1927.

"In conformity with Ordinance No. 479 of the ordinances of the city of Stillwater, Okla., permission is hereby given to Lovell Bros, Arthur Lovell, to * * * or alter a building situated, or to be situated, on lots No. 9-10-11-12 of block No. 29 of original town * * * addition to the city of Stillwater, Okla., the fees and charges as per said building ordinance having been paid.

"The material to be of standard quality, and the work to be done in a workmanlike manner. In testimony whereof we have hereto set our hands and seals this 11th day of May, 1927."

Plaintiffs base their right for an injunction solely upon the proposition that the plans and specifications filed with the application for a permit were a part and parcel of the application and, when the city granted plaintiffs a permit to construct the building, said grant carried with it the right to construct and use the paving, sidewalks, and other improvements constructed by them in said street.

It will be observed the permit granted by the city specifically provides that plaintiffs were permitted and authorized to alter or construct a building owned by them situate on lots abutting on said street, but we do not find a word in the permit relating to the improvements erected by plaintiffs in the street. There is no language in the permit authorizing plaintiffs to construct improvements in the street. The last paragraph of the permit reads in part:

"* * * The material to be of standard quality, and the work to be done in a workmanlike manner. * * *"

Which provision, as we interpret it, clearly relates to the material to be used in reconstructing said building, and the work on said building shall be done in a workmanlike manner, but has no reference whatsoever to the improvements erected by plaintiffs in said street.

We are of the opinion, and hold: That plaintiffs were not authorized and had no right to erect said improvements in said street to serve their own individual interests.

"Second Proposition.
"If, by any stretch of the imagination, it could be said plaintiffs were authorized by permit to erect said improvements in said street, **could the city remove them at will?**"

"Law.
"A municipal corporation may permit a reasonable temporary use of a public way for private purposes, especially if it is incidental to or connected with the use of the way for travel, or is essential to a reasonable use of the adjoining property. It cannot, however, allow a use of the way for private purposes other than temporary and connected with the use of the way as a way. * * *" 19 R. C. L. 783, Municipal Corporations, sec. 88.

The same principle of law is further discussed by the authorities cited, and is as follows:

"Upon the same principle it is held by the weight of authority that a municipal corporation to which has been delegated the control of the streets within its limits may permit the erection and maintenance of structures in its streets by public service corporations provided such structures do not materially interfere with the ordinary use of the street for general public travel." 19 R. C. L. 784, Municipal Corporations, sec. 89.

It is held by a long line of authority:
"A municipal corporation has no inherent

power to vacate a street within its limits or any part thereof. Even when specifically authorized by the Legislature to vacate streets a municipal corporation cannot lawfully vacate a public street or highway for the benefit of a private individual. A street or highway cannot be vacated unless it is for the benefit of the public that such action should be taken." 19 R. C. L. 785, Municipal Corporations, sec. 91.

It is further held:

"If the public interest is not the motive which prompts the vacation of a street whether partial or entire, the act of vacation is an abuse of power and especially is it a gross abuse of power if it is authorized without reference to the rights of the public and merely that the convenience of a private individual may be subserved." Id., citing Marietta Chair Co. v. Henderson, 121 Ga. 399, 49 S. E. 312, and other authorities too numerous to mention.

Franchise:

"* * * The power to regulate the use of streets refers to legitimate public uses not inconsistent with the ordinary and paramount use for travel thereon, or with the private rights of abutting property owners. An ordinance having the effect of diverting the streets from a public to a private use or of unreasonably appropriating them to a public use other than that of ordinary travel by pedestrians and vehicles is ultra vires and void." 19 R. C. L. 1149, 1150, Municipal Corporations, sec. 424, citing Perry v. New Orleans, etc., R. Co., 55 Ala. 413, and innumerable authorities thereunder cited.

The right contended for by plaintiffs is permissive only, and they could not and did not acquire any vested right in or to any part of the street.

Where it appears private citizens of a municipality have erected buildings and other improvements in the streets of a city or town for their own convenience and private use, and it further appears that said improvements were erected without permission from the governing body of said municipality and that said improvements so erected do incumber and obstruct free passage thereover by pedestrians or the public generally, held, the municipal authorities of said city or town may remove the same at will and at the expense of the owners thereof.

Obstruction of Streets:

"A municipal corporation may by ordinance prohibit the maintenance of any structures upon or above the surface of its streets which obstruct passage thereon or interfere with light and air from the whole width thereof, * * * although they were erected by permission of the municipal authorities and allowed to remain for over 20 years, or provide for the removal of property at the expense of the owner when it has been unlawfully placed in a street and is incumbering or obstructing the same." 19 R. C. L. 849, 850, Municipal Corporations, sec. 155, citing Lacy v. Oskaloosa, 143 Iowa, 704, 121 N. W. 542; Rost v. New Orleans, 15 La. 129, 35 Am. Dec. 186.

Permitting Use of Streets for Private Purposes:

"A municipal corporation has no power, without express legislative authority, to license a private individual to make a permanent use of any portion of a street for any private purpose that will interfere with the legitimate public use of the street for travel notwithstanding some space is left for the passage of the public." 19 R. C. L. 782, Municipal Corporations, sec. 87.

Right to Use and Regulation of Use:

"The primary and paramount object in establishing and maintaining streets and highways is for the purpose of public travel, and the public and individuals cannot be rightfully deprived of such use, nor can the rights of the public therein be encroached upon by private individuals or corporations, even with the consent of the municipality." 13 R. C. L. 251, Highways, sec. 208.

Conclusion.

Having held that plaintiffs were never granted permission to erect the improvements in said street and that the city could at will order said obstructions removed, we feel no good purpose would be served by continuing this discussion.

The judgment of the trial court granting the injunction herein and overruling defendants' demurrer thereto is reversed.

LESTER, C. J.. and ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, HEFNER, and SWINDALL, JJ., absent.

Note.—See under (1) 13 R. C. L. 67; R. C. L. Perm. Supp. p. 4711. (3) 19 R. C. L. 1149; R. C. L. Perm. Supp. p. 4769; R. C. L. Pocket Part, title "Municipal Corporations," § 424. (4) 19 R. C. L. 782; R. C. L. Pocket Part, title "Municipal Corporations," § 87. (5) 13 R. C. L. 251; R. C. L. Perm. Supp. p. 3335: R. C. L. Pocket Part, title "Highways," § 208.