JOHNSTON, Trustee, v. TOWN OF YUKON ex rel. DOBRY.

No. 29832.     April 15, 1941.

*112 P. 2d 369.*

Hayes, Richardson, Shartel & Gilliland, of Oklahoma City, for plaintiff in error.

Paul Pugh, of Oklahoma City, for defendant in error.

HURST, J. This is an action by the plaintiff Dobry to foreclose a special assessment lien against a tract in the town of Yukon, which was formerly a part of Kali avenue. Kali avenue was formerly a street 50 feet in width running north and south between the right of way of the Chicago, R. I. & P. Ry. Company on the east and the property of the Oklahoma Railway Company on the west. The depot of the Oklahoma Railway Company, which is an interurban company operating between Oklahoma City and El Reno, is west of the tract in question. The town of Yukon and the receivers of the Chicago, R. I. & P. Ry. Company were made defendants and filed disclaimers. The defendant, Robt. K. Johnston, as trustee of the Oklahoma Railway Company, filed an answer alleging that the tract is a part of the street and is not liable for the special assessment, and a cross-petition claiming title thereto in the event the court held that the property has been abandoned as a street. Spencer avenue, for the paving of which the assessments sought to be foreclosed were levied in 1926, adjoins the tract on the south. The main line of the Oklahoma Railway Company runs west on Spencer avenue, and then turns north on Kali avenue.

The trial court held that said tract has been abandoned as a street, quieted the title thereto in the Oklahoma Railway Company, and decreed foreclosure of the special assessment lien. The company, which we shall refer to as defendant, appeals.

By an ordinance of the town of Yukon, dated June 6, 1910, the El Reno Interurban Railway Company, predecessor of Oklahoma Railway Company, was granted the use of Kali avenue for its tracks, wires, and poles, the ordinance reserving the right to require a portion of the street to be made passable for public travel. At some time a loading platform was erected upon the tract, and apparently a large part of the width of the street at that point is and has been for many years occupied by the tracks, poles, and platform of defendant. A witness, who had lived in Yukon since 1897, and who was president of the board of trustees of the town in 1910 when the ordinance above-mentioned was passed, testified that the interurban company occupied the tract in controversy immediately after the passage of the ordinance, and that such tract had never been used as a street or highway. He testified that defendant's depot was just west of the loading platform erected upon such part of Kali avenue, and that the space to the south between the loading platform and Spencer avenue was used for drays, wagons, and other vehicles to deliver material to and from the loading platform, and that this was the only use made of it by the public. His testimony was not disputed, and he was the only witness called.

Defendant contends that the evidence shows merely nonuser of the tract by the public, and that nonuser alone is not such a vacation or abandonment of a street as will vest title thereto in the abutting landowner. Various decisions from states other than Oklahoma are cited in support of this assertion. There is a split of authority on this question. See 13 R. C. L. 64; 25 Am. Jur. 410; 29 C. J. 534.

In addition to the undisputed evidence of nonuser, we have the fact that since 1910 the tract has been occupied by defendant and its predecessor, who have erected their structures thereon, and used it to the exclusion of the public, except to give the public access to defendant's depot and loading platform. By assessing a part of the cost of the pavement against said tract, the town officers evidently considered the tract abandoned. This was done in 1926, 16 years after the interurban company occupied the tract under authority of the ordinance enacted in 1910. By filing the disclaimer the town further indicates

that it no longer claims it as a street. The evidence was sufficient to make the question of whether the portion so occupied had been abandoned for street purposes a question of fact for the court to decide. City of Tulsa v. Horwitz, 151 Okla. 201, 3 P. 2d 841; Salyer v. Jackson, 105 Okla. 212, 232 P. 412; State ex rel. King v. McCurdy, 171 Okla. 445, 43 P. 2d 124. The case is one of equitable cognizance, and the judgment is not clearly against the weight of the evidence. Therefore, it will not be disturbed on appeal.

Affirmed.

WELCH, C. J., and RILEY, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and OSBORN, J., absent.