TOWN OF CHOUTEAU et al. v. BLANKENSHIP et al.

No. 31447. Oct. 10, 1944.

*152 P. 2d 379.*

Ernest R. Brown, of Pryor, for plaintiffs in error.

R. A. Wilkerson, of Pryor, for defendants in error.

HURST, J. This is a suit by the owners of property in block 1 in the incorporated town of Chouteau to enjoin the town and its officers from opening Ohio street and from molesting the plaintiffs in the use of said street in connection with the use of their properties. The trial court entered judgment in favor of the plaintiffs as prayed, and the defendants appealed.

The trial court made findings of fact, which are responsive to the issues made by the pleadings, the material portion of which is as follows:

"After having heard the evidence adduced on behalf of all parties and being fully and sufficiently advised in the premises, the court finds that the said Ohio Street involved herein was a part of the original plat of the townsite of Chouteau, as surveyed and platted and certified to by the Engineer, on the 2nd day of January, 1902; that if the said Ohio Street was ever used at all, it was never at any time opened or maintained by the Town of Chouteau; that prior to and at the time of the incorporation of the Town of Chouteau, under and by virtue of the laws of the State of Oklahoma, the area on both sides of Blocks 1 and 2 of the original town was owned by J. O. Grant; that the said Ohio Street as shown by said plat lies between the said Blocks 1 and 2; that approximately thirty years ago the Town of Chouteau opened an extension of McCracken Street, which lies adjacent to the East side of said Block 1; that for more than thirty years the said extension of McCracken Street as shown in the original townsite of

.Chouteau has been maintained and used by the public generally; that the improvements in the way of dwelling houses located upon said Block 1, were constructed so as to face the said McCracken street lying to the East thereof; that the outbuildings and back houses to the several residences upon the said Block 1, were constructed to the west of the said dwelling houses; that on the area designated as Ohio Street, valuable improvements have been constructed consisting of barns, chicken houses, gardens and toilets; that along some portions of the said Ohio Street trees have grown up which are now of considerable size and which affords shades to the West of said dwelling houses; that the said Ohio Street has been treated in no respect as a street for the past thirty years, but has been fenced and used for private purposes and for improvements as aforesaid; that the said Town of Chouteau has knowingly permitted the said area designated as Ohio Street to be used ·for the said purposes; that the Town of Chouteau has abandoned the said Ohio Street, which said abandonment has existed for more than thirty years; that the said town is now estopped from claiming or asserting the right to use the said Ohio Street for street purposes and that it should be perpetually and permanently enjoined from opening the said Ohio Street and from using it for said purposes."

The appellants argue three propositions, but under the view we take of the case our determination of the third proposition in their favor is decisive and makes it unnecessary for us to consider the other two. The third proposition is that the record does not establish a vacation of Ohio street so as to vest in the owners of the adjacent property ownership of any part of the street or the right to enjoin the opening and use of it for street purposes. They say that only nonuser is shown here, and that nonuser alone is not sufficient to establish vacation or abandonment of a street so as to divest the town of title to the street or the right to open and use it for public travel. The plaintiffs argue that abandonment of Ohio street is established by proof of its nonuser as a street for as long as 30 years,

by proof that McCracken street, which lies east of block 1, has been established, improved and used since 1913, and by the adverse use and occupancy of Ohio street by the owners of the abutting property for more than 15 years.

The only statute that has been called to our attention or that we have found dealing with the power of the officers of incorporated towns to vacate streets is 11 O. S. 1941 §1004 (8). It provides that the board of trustees shall have power "to lay out; open, grade and otherwise improve the streets, alleys, sewers, sidewalks and crossings, and to keep them in repair and to vacate same." The statutes do not prescribe the procedure to be followed by the town board of trustees in vacating streets and alleys.

The parties discuss 11 O. S. 1941 §659, but that section deals with the power and duty of the governing board of cities in vacating streets, alleys and lanes. It does not apply to incorporated towns. The parties also call our attention to cases that deal with the vacation or abandonment of highways by the board of county commissioners as authorized by 19 O. S. 1941 §339 (3) and 69 O. S. 1941 §363. For completeness we call attention to 11 O. S. 1941 §§522-529, giving the district court jurisdiction to vacate plats or part thereof, including streets, alleys and public grounds. The cases that deal with vacation or abandonment of streets and alleys in cities and of highways not in towns are not directly in point, but by analogy have a bearing on the question. Before taking up the precise question here presented, we think it well to mention those cases.

In Salyer v. Jackson, 105 Okla. 212, 232 P. 412; State ex rel. King v. McCurdy, 171 Okla. 445, 43 P. 2d 124; Board of Com'rs of Oklahoma County v. Young, 186 Okla. 182, 97 P. 2d 6; Hillsdale Co. v. Zorn, 187 Okla. 38, 100 P. 2d 436, this court dealt with the question of vacation or abandonment of highways by the board of county commissioners. In Salyer v. Jackson, above, it was held that abandonment of

a highway was shown by the failure for 20 years to open and use the highway and by the fact that a canyon crossed the highway and made it unsuitable for road purposes. In State v. McCurdy it was intimated that abandonment of a highway might be established by proof of nonuser for as much as 15 years, but it was held that abandonment was not there established. In Board of Com'rs of Oklahoma County v. Young, above, it was said:

"County commissioners do not have authority to abandon highways at will. They must proceed in accordance with legislative mandate, whence they derive all their powers, duties and authority not provided by the Constitution."

In Hillsdale Co. v. Zorn, above, it was said that final abandonment of a highway is accomplished only by vacating it as provided by 69 O. S. 1941 §363, O. S. 1931, §10143, and that "where the statute prescribes the m e t h o d whereby a highway may be vacated and abandoned it may be discontinued only in the manner so provided. 13 R. C. L. 62."

In City of Tulsa v. Horwitz, 151 Okla. 201, 3 P. 2d 841, it was held that where the city granted a railroad company the right to use practically the entire width of a street for trackage and warehouse purposes, leaving a strip of insufficient width for street purposes, the city thereby abandoned the narrow strip and it reverted to the adjoining lot owner. But in Jones v. Oklahoma City, 193 Okla. 637, 145 P. 2d 971, it was held that an alley was not vacated by granting a street railway company the right to use the alley for its tracks.

Our attention is called to but two cases by this court dealing with the vacation or abandoning of streets or alleys by incorporated towns, Redmond v. Incorporated Town of Sulphur, 32 Okla. 201, 120 P. 262, and Johnston v. Town of Yukon, 188 Okla. 632, 112 P. 2d 369. In the Redmond Case it was held that the attempted vacation of a street by an ordinance not legally enacted under the laws in force prior to statehood was ineffective. In the Johnston Case it was pointed out that there is a division of authority as to whether nonuser alone is sufficient to constitute a vacation or abandonment (citing 13 R. C. L. 64; 25 Am. Jur. 410; 29 C.J. 534), but that an abandonment was shown by certain affirmative official acts indicating an intention to abandon and inconsistent with the continued claim to the street for public purposes.

It will thus be seen that none of our decisions are exactly in point so as to be controlling. We turn, then, to the general law.

The burden of showing that a street or highway laid out according to law or created by dedication has been discontinued, vacated or abandoned is on the one so claiming. McQuillin, Municipal Corporations (2d Ed. Revised) §1534.4; Elliott, Roads and Streets (3rd Ed.) p. 749 § 1179; 39 C.J.S. 1066; 29 C. J. 534; 13 R. C. L. 62.

Where the statutes prescribe the procedure to be followed in vacating a highway, street or alley, the statutory method is exclusive and must be substantially complied with. 25 Am. Jur. 409; 39 C.J.S. 1053; 13 R.C.L. 62-63; Elliott, Roads and Streets (3rd Ed.) §§1184, 1185; McQuillin, M u n i c i p a l Corporations (2d Ed. Revised) §1529. But where, as in the case of the vacation of streets or alleys in incorporated towns by the board of trustees under authority of 11 O. S. 1941 §1004 (8), the statute is silent as to how the action shall be taken, the law is not so clear. It is undoubtedly true that vacation of streets and alleys may be effected under such a statute by an ordinance or resolution duly adopted by the town board of trustees. But that method is not exclusive. The right to a street or alley may be lost by nonuser and such affirmative unequivocal official acts of the board of trustees as to show clearly an intention to discontinue a street or alley. A street or alley may be thus abandoned. Johnston v. Town of Yukon, above; 44 C. J. 908, note 81. But we believe the better rule is that in the absence of a statute to the contrary,

abandonment may not be shown by proof of nonuser alone. Affirmative evidence of an intention to abandon must be introduced (29 C. J. 534; 44 C. J. 907, 908) and mere delay in opening a highway, street or alley when the public need has not required its use does not constitute an abandonment. 13 R. C. L. 64, 65; 25 Am. Jur. 411; 39 C. J. S. 1069; McQuillin, Municipal Corporations (2d Ed. Revised) p. 338, §1518.

We conclude that abandonment of Ohio street is not established by the evidence.

While the plaintiffs cite no authorities on the questions of adverse possession and estoppel, those questions inhere in the case. It is pointed out in McQuillin, Municipal Corporations (2d Ed. Revised) §1516, that "the question of abandonment is closely connected with that of adverse possession and of equitable estoppel." The trial court held that the defendants were estopped to open the street, presumably because of the nonuser for street purposes and the adverse possession and placing of improvements on the street by the owners of the abutting property.

2. Did the owners of the lots abutting upon Ohio street acquire title to the street by erecting buildings thereon and by use of the street for their private purpose and by occupancy for 30 years so as to deprive the town of the use of the street for public purposes?

The general rule is that in the absence of a statute to the contrary, the title to streets and alleys is held by the municipality in trust for the public, not in a proprietary capacity, and the municipality is without power to alienate the same. 44 C. J. 916; 25 Am. Jur. 429, §133; 38 Am. Jur. 166; McQuillin, Municipal Corporations (2d Ed. Revised) §§1411, 1415; Dillon, Municipal Corporations (5th Ed.) §§1072, 1194; Elliott, Roads and Streets (3d Ed.) §1188. Our statute (11 O. S. 1941 §515) is in accord with this rule and provides that streets and alleys are held in trust for the use and purposes set forth.

Langston City v. Gustin, 191 Okla. 93, 127 P. 2d 197. The townsite of Chouteau was laid out in 1902, presumably under section 15 of the Curtis Act, which provided that the townsite commission could lay out townsites "with proper and necessary streets, alleys and public grounds, including parks and cemeteries." Since the statute is silent as to the nature of the title acquired, we assume that it is governed by the general rule just stated.

By the great weight of authority a municipality cannot be divested of title to its streets held in trust for public use by adverse possession for the prescriptive period. 19 R. C. L. 1143, §419; Dillon, Municipal Corporation (5th Ed.) § 1193; McQuillin, Municipal Corporations (2d Ed. Revised) § 1513; Elliott, Roads and Streets (3d Ed.) §1188. We think this is the sound rule and adhere to it.

Assuming that all the elements of adverse possession are present (see Reinhart & Donovan Co. v. Missouri-Kansas-Texas R. Co., 187 Okla. 661, 105 P. 2d 541, for a statement of those elements), the doctrine of adverse possession does not apply to property held by a municipality in trust for the public.

3. Finally, are the town and its officers estopped from opening and using Ohio street for the public purposes for which it was dedicated?

It is held in many states that the doctrine of equitable estoppel may preclude the right of a municipality to assert title to a street, yet the doctrine will be applied only in exceptional cases and with great caution. McQuillin, Municipal Corporations (2d Ed. Revised) §1515; Dillon, Municipal Corporations (5th Ed.) §1194. This court announced this rule, and refused to sustain an estoppel, as regards a lot held for a town hall in Foote v. Town of Watonga, 37 Okla. 43, 130 P. 597. The reason for the rule of caution is well stated in Elliott, Roads and Streets (3d Ed.) vol. 2, §1189, as follows:

"It has been held that nonuser is evi-

dence of abandonment, and many of the courts, influenced, perhaps, by the hardships that would result from a contrary holding in the particular cases under consideration, have applied the doctrine of equitable estoppel where the claimant had made expensive improvements and acquired, or apparently acquired, rights of such a nature and under such circumstances that to deprive him of them seemed highly inequitable and unjust. We doubt, however, if the doctrine of some, if not most, of these cases can be sustained upon principle, at least where the city or the local authorities have done no affirmative act to mislead the claimant. It is difficult to conceive upon what principle an equitable estoppel can be securely placed in such cases, for the person who encroaches upon a public way must know, as a matter of law, that the way belongs to the public, and that the local authorities can neither directly nor indirectly alien the way, and that they cannot divert it to a private use. As the person who uses the highway must possess this knowledge, and in legal contemplation does possess it, one of the chief elements of an estoppel is absent. An estoppel cannot exist where the knowledge of both parties is equal and nothing is done by the one to mislead the other. In addition to this consideration may be noted another influential one already suggested in a different connection, and that is, the private use of the public way was wrong in the beginning and wrong each day of its continuance, and it is a strange perversion of principle to declare that one who bases his claim on an original and continued wrong may successfully appeal to equity to sanction and establish such a claim. It is, at all events, a great stretch of the doctrine of estoppel and a wide departure from the rule laid down by the earlier decisions and confirmed by many of the modern authorities. It may be, however, that where there has been an abandonment or there have been misleading acts or other peculiar circumstances, as in some of the cases cited in the first two notes to this section, and improvements have been made and

rights acquired on the faith thereof, such a case may be made as will justify the application of the doctrine of estoppel."

In Oklahoma City v. Pratt, 185 Okla. 637, 95 P. 2d 596, we applied the rule of equitable estoppel to a municipality as regards property held in its proprietary capacity, but our attention is called to no case where we have applied it to property held in trust for the public. No such exceptional circumstances are present here as to justify an estoppel, if in fact it would ever be justified as regards streets. The acts of the predecessors in title of the plaintiffs in fencing Ohio street and placing the improvements on it were wrongful. Our statute (50 O. S. 1941 §1) provides that obstructing a street or highway is a public nuisance. 50 O. S. 1941 §7 provides that "no lapse of time can legalize a public nuisance amounting to an actual obstruction of a public right." The evidence does not indicate that the improvements placed upon Ohio street were ever of much value. Most of them had been removed from the street at the time of the trial.

The questions of the advisability of opening a street that has been dedicated to the public and of when it shall be opened rest largely in the discretion of the municipal authorities, and the courts will not interfere with such discretion except possibly in rare cases. 25 Am. Jur. 368; McQuillin, Municipal Corporations (2d Ed. Revised) §1408; Elliott, Roads and Streets (5th Ed.) § 129; Dillon, Municipal Corporations (5th Ed.) §1142.

We conclude that the doctrine of equitable estoppel should not preclude the defendants from opening and improving Ohio street for public use.

Reversed, with directions to enter judgment for the defendants.

CORN, C. J., and RILEY, OSBORN, DAVISON, and ARNOLD, JJ., concur.