CITY OF NORMAN v. BALLARD et al.

No. 33380. Oct. 4, 1949.

*210 P. 2d 340.*

J. D. Holland, City Atty., of Norman, for plaintiff in error.

John M. Luttrell and Luttrell & Luttrell, all of Norman, for defendants in error.

HALLEY, J. This case involves the question of whether or not a municipality in Oklahoma may use a part of a street for a storage yard for materials and machinery belonging to and used by the municipality. The defendants in error, plaintiffs below, owned property which abutted on Front street, sometimes referred to as Jones street, in the city of Norman, defendant below and plaintiff in error here. The city of Norman was storing machinery and materials of different kinds on the west part of Front street, which runs north and south along the east side of the right of way of the Santa Fe Railroad between Acres street and Gray street. The plaintiffs objected to the street being devoted to such use, claiming it to be unsightly and a harboring place for rats. The trial court sustained the contentions of the plaintiffs, and defendant has appealed.

To be sure, the cites of Oklahoma have been given the right to control the use of streets, but that use has been limited to legitimate public purposes not inconsistent with the ordinary and paramount use for travel thereon, or with the private rights of abutting property owners. City of Stillwater v. Lovell, 159 Okla. 214, 15 P. 2d 12.

The city's right in a street in Oklahoma is an easement for highway purposes, and the municipality cannot use it for any purpose inconsistent therewith. Joy v. Kizziar, 169 Okla. 642, 38 P. 2d 493. This question is discussed in 44 C. J., Municipal Corporations, sec. 3702, p. 937. The authorities cited thereunder are numerous. To us it seems that the use of a part of a street for storage purposes is entirely inconsistent with its use as a street. The city did not own the street, and if it could not use it for highway purposes or purposes consistent therewith, it was without the right to use it at all. The case of Motoramp Garage Co. v. City of Tacoma, 136 Wash. 589, 241 P. 16, 42 A.L.R. 886, discusses this question quite thoroughly, and has collected a large number of cases on this point. In that case, a comfort station under a street was held not to be consistent with its use for street purposes. Certainly, materials stored would be far more out of harmony with street purposes than a comfort station.

A city may not arrogate to itself any greater use of streets for purposes other than what its easement calls for, than may an individual. The right to control, which is given a city, does not give it the right to use the streets for purposes having no connection with transportation. See McQuillin on Municipal Corporations (Rev. Ed.) vol. IV, sec. 1454. While the uses of streets for purposes other than travel have been broadened, McQuillin, vol. IV, sec. 1418, as yet no court has gone so far as to hold that a storage yard of any nature is a use consistent with an easement for street purposes. Even the most modern uses permitted have something to do with transportation, either of personnel or of material.

No question has been raised about the remedy resorted to by the plaintiffs. We think injunction is proper, and that the action of the trial court was correct. Judgment affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, GIBSON, JOHNSON, and O'NEAL, JJ., concur.