Application of Naomi SMITH and J. M. Smith for a Decree Vacating a portion of plat in the following described real estate situate in Washita County, Oklahoma, to wit: Block A and Block I, in Caldwell's Addition to the City of New Cordell, Okla.

No. 36570.

Supreme Court of Oklahoma.

May 3, 1955.

Ralph D. Smith, Cordell, for plaintiffs in error.

Jones & Wesner, Cordell, for defendant in error.

ARNOLD, Justice.

Naomi and J. M. Smith filed an application in the District Court to vacate an alley and street in Block 1 and the alley lying along the east side of Block A in Caldwell's Addition to New Cordell, Washita County. The City of New Cordell filed objections to the vacation of the alley lying along the east side of Block A but made no objections to the vacation of the street and alley in Block 1.

Applicants' evidence is to the effect that Caldwell's Addition was platted in 1901 and the streets and alleys therein were dedicated to the public use; that since 1904 up to two or three years ago the entire area here involved, being all of Block A and the alley lying along the east side thereof was entirely fenced in; that the applicants bought the property here involved in 1926 and have lived there continuously ever since; that two or three years ago applicants built a shop near the boundary of the alley and removed the fence across the alley on the street side for access to the shop; that the alley is completely blocked except for such access to the shop by stored junk cars; that during all these years, since 1904, the alley has never been open to or used by the public; that there is a creek running across the south end of this block and alley making it impossible to traverse the alley for its full length, even were the way cleared of the junk cars, and there is a fence across the south end of the alley on the other side of the creek which has been there at least since 1926; that about two years before the trial of this case one Omer Smith bought the property consisting of a square 10-acre plot lying adjacent to the alley on the east side thereof and built two houses thereon, one next to the east boundary of the alley; that the east boundary of the alley was the eastern boundary of the city limits until January, 1953, upon the petition of said Omer Smith the 10-acre tract owned by him adjacent to the alley was brought into the city limits as Sunny Slope Addition; that said addition was not platted into lots nor were streets and alleys dedicated therein; that said Omer Smith, as City Marshal, had asked applicants to clear the alley so that it could be used but applicants refused.

The city's evidence is to the effect that Omer Smith used the alley on two or three occasions, going to the shop of applicant Jess Smith to borrow various things from him and to return what he had borrowed; that the city wanted to use the alley to allow garbage trucks to service the two houses in Sunny Slope Addition; that in the future when funds were available it would be necessary to extend sewer lines to that part of the city and in such event a sewer line would be laid down this alley.

The court entered judgment vacating the street and alley in Block 1, to which no objections had been filed, and denying vacation of the alley adjacent to Block A.

Applicants contend that under Title 11 O.S.1951 § 524 upon a showing that the street or alley desired to be vacated has never been actually used for town or city purposes, or that the platted street or alley has never been used by the public, or that the public has for more than five years abandoned such by non-user,—or that the same has been enclosed and occupied adversely to the public for more than five years, the court may vacate such street or alley; that the word "may" as used in this statutory construction means "must".

The evidence is uncontradicted that from 1904, when Caldwell's addition was first platted and the alley here in question dedicated, up until two or three years before the trial of this suit that the alley had been completely fenced in; that several years before one end had been opened to allow access to a shop built by applicant and since that time had never been used by anyone except applicant for his benefit; that the only persons who had used the alley used it as access to the shop of appli-

cants; that applicants had never abandoned their claim of adverse possession.

The period of adverse possession prescribed by statute, supra, had long since run at the beginning of this lawsuit. Under the facts here shown the court should have vacated this alley. The fact that after so many years of adverse possession the city had at last found a use for the alley is not sufficient to overcome the estate obtained by applicants through adverse possession.

Reversed.

JOHNSON, C. J., and DAVISON, HALLEY and JACKSON, JJ., concur.

WILLIAMS, V. C. J., and CORN, J., dissent.