Paul W. UPDEGRAFF, Plaintiff in Error;

v.

The CITY OF NORMAN, Oklahoma, a Municipal Corporation, Defendant in Error.

No. 35486.

Supreme Court of Oklahoma.

June 28, 1955.

Rehearing Denied Sept. 27, 1955.

Paul W. Updegraff, Norman, for plaintiff in error.

John M. Luttrell, J. D. Holland, Norman, for defendant in error.

PER CURIAM.

· This is an appeal taken by Paul W. Updegraff, referred to herein as plaintiff, from the judgment of the District Court of Cleveland County refusing to grant him an injunction to prevent the City of Norman, Oklahoma, a municipal corporation, defendant herein, from removing a hedge situated in the alley behind his property.

Plaintiff in his petition alleges that he is the owner and has been in possession for more than 15 years of the following described property situated in the City of Norman, to-wit:

Lots Six (6) and Seven (7) in Block Twenty-one (21) Classen-Miller Addition to the City of Norman, Cleveland County, Oklahoma.

He further alleges that defendant is threatening to cut down a hedge growing on the rear of his property and prays for an injunction preventing it from so doing. In an amendment to the petition he further alleges that defendant is discriminating against him by attempting to remove his hedge while allowing encroachments to remain in other streets and alleys. He further alleges that defendant is estopped by reason of the fact that the hedge has been growing in the same location ever since it was planted and that defendant city had knowledge thereof.

The trial court rendered judgment against plaintiff denying the injunction.

Plaintiff contends that the judgment is not sustained by the evidence and is contrary to law. Plaintiff testified to the following facts: He is the owner and in possession of the premises described in his petition; that about 18 years before the filing of this action he had his yard landscaped and designed by a landscape architect and planted in the back of his yard a cedar hedge to enclose the entire back of his yard. About 15 days prior to the time this action was brought he received a notice from the city manager of defendent city notifying him to remove his hedge from the alley upon which his property abuts. He further testified that the removal of the hedge would cause his property to deteriorate in value and would otherwise damage the property and that his hedge did not interfere with the city or the public in the use of the alley. The evidence however shows that the alley is 20 feet wide; that plaintiff's hedge has grown to such extent that it extends to practically the center of the alley and the city by reason thereof is unable to enter the alley with its garbage trucks for the purpose of removing garbage; that there are also some ditches in the alley and the city is prevented by the growth of plaintiff's hedge from entering the alley and grading it.

Plaintiff further testified that only about 15 per cent of the alleys of the City of Norman are open to traffic and other persons owning property abutting alleys have also planted trees and shrubs and have otherwise obstructed their alleys and have not been notified or required to remove such obstructions. The city manager however testified that he had notified other property owners to remove obstructions in their alleys and that he notified all persons against whom complaint was made, whose alley is obstructed to such extent as to block traffic, to remove such obstructions and that he has notified other persons residing in the same block in which plaintiff resides to remove obstructions in the alley at the rear of their property. Plaintiff further testified that after receiving the notice above referred to he appeared before the city commission and presented a written petition requesting that his hedge be permitted to re-main and as far as he knew no action was ever taken on the request. The evidence discloses that no order has been entered on the minutes of the commission showing the disposition, if any, made of his petition. There is however evidence to the effect that a motion was made by one of the commissioners that an order be entered permitting plaintiff's hedge to remain and that no steps be taken to require him to remove it but that the motion died for want of a second and no further action was taken on the petition.

Thereafter plaintiff received a second notice from the city manager notifying him to remove his hedge from the alley and that if he failed to do so the city would cut the hedge down. Plaintiff then brought this action to prevent the city from so doing.

Plaintiff's first contention is that he was discriminated against in being required to remove his hedge from the alley while other persons similarly situated were permitted to grow and plant trees and hedges in their alleys and maintain other obstructions therein.

Plaintiff concedes that under 11 O.S.1951 § 660 the city may prohibit encroachment in and upon the streets and alleys of its city. He however contends that the city in the enforcement of the law must enforce it equally as against all persons and he may not be singled out and discriminated against in the enforcement of the law. He further contends that under 11 O.S.1951 §§ 644 and 660 the city commission has the power to permit and regulate the planting and growing of trees and shrubs in the streets and alleys of the city; that it denied him that right while permitting other persons similarly situated to grow trees and shrubs in the alleys upon which their premises abuts and thus has unlawfully discriminated against him.

█ █ We do not agree that the evidence definitely establishes that plaintiff was discriminated against in the enforcement of the sections of the statute, supra. Assuming that there might be some evidence from which the court might have found that plaintiff was discriminated against as claimed it failed to do so. It found the

issues generally in favor of defendant. This necessarily included a finding that plaintiff was not discriminated against and we cannot say that such finding is clearly against the weight of the evidence. It will not therefore be disturbed on appeal.

██ Plaintiff seeks also to invoke the doctrine of estoppel. It is asserted that he has planted, grown and maintained his hedge for more than 15 years with the knowledge and consent of the city and the city has never made any complaint during this time and it is by reason thereof estopped now from requiring him to remove the hedge. We do not agree. The evidence shows no act or conduct on the part of defendant or its officers which in any manner induced or encouraged plaintiff in the planting and growing of the hedge, or in any manner led him to believe that he might grow his hedge in such manner as to encroach into and upon the alley in such manner as to prevent traffic through the alley. Plaintiff knew at the time he planted his hedge or was chargeable with the knowledge that he could not maintain and grow his hedge in such manner as to obstruct the alley and prevent the use of the alley by the city or the public. An estoppel cannot exist where the knowledge of both parties is equal and nothing is done by the one to mislead or deceive the other. Town of Chouteau v. Blankenship, 194 Okl. 401, 152 P.2d 379, 171 A.L.R. 87; 19 Am. Jur., Estoppel, Section 34.

Plaintiff further contends that he acquired an estate in and to the property involved by adverse possession for more than fifteen years which estate is good against all, including defendant.

In support of this contention he relies on Application of Smith, Okl., 283 P.2d 529. In that case we held:

"Where applicants for the vacation of a plat as to a street or alley show that such street or alley has been enclosed and occupied adversely to the public for more than five years the court should vacate such portion of said plat."

In discussion of the case we further said:

"Applicants contend that under Title 11 O.S. 1951 § 524 upon a showing that the street or alley desired to be vacated has never been actually used for town or city purposes, or that the platted street or alley has never been used by the public, or that the public has for more than five years abandoned such by non-user,—or that the same has been enclosed and occupied adversely to the public for more than five years, the court may vacate such street or alley; that the word 'may' as used in this statutory construction means 'must'".

██ This case is not applicable here. This is not a case where plaintiff is seeking to vacate the alley on the ground of abandonment and non-user. Such questions are not here involved nor is there any evidence that plaintiff has enclosed or occupied the alley or any part thereof for any period of time. The evidence does disclose that plaintiff's hedge was in existence for a period of 15 years and that he has permitted the hedge to grow to such proportions as to extend into the center of the alley which prevents traffic through the alley and thus allowed his hedge to become a nuisance. The right to maintain a nuisance cannot be acquired by prescription. In 64 C.J.S., Municipal Corporations, § 1749, p. 179, it is said:

"The right to maintain a street obstruction or encroachment amounting to a nuisance cannot be acquired by prescription. * * *"

In Town of Chouteau v. Blankenship, supra [194 Okl. 401, 152 P.2d 380], we held:

"The act of obstructing a duly created street is a public nuisance, and no lapse of time can legalize the same. 50 O.S. 1941, §§ 1, 7."

██ Under the evidence and above authorities the trial court ruled correctly in denying the injunction.

Judgment affirmed.

JOHNSON, C. J., and WELCH, CORN, HALLEY, BLACKBIRD, and JACKSON, JJ., concur.