Sam E. FREEMAN, Jr. and Zeima L. Freeman, David P. Bergin and Marion M. Bergin, Plaintiffs in Error,

v.

CITY OF NORMAN, Oklahoma, a Municipal Corporation, and J. M. Ashton, Defendants in Error.

No. 38431.

Supreme Court of Oklahoma.

Sept. 22, 1959.

Bailey & Whitlock, Norman, for plaintiffs in error.

John M. Luttrell, Norman, for City of Norman, defendant in error.

Harry T. Hudson, Oklahoma City, for J. M. Ashton, defendant in error.

HALLEY, Justice.

Parties will be referred to as in the trial court.

The plaintiffs Freeman own Lots 1 and 2 in Block 19 of the Amended Plat of Blocks 19 and 23 of Classen-Miller Addition to the City of Norman and the plaintiffs Bergin owned the north 75.85 feet of Lot 12 in Block 23 of the same addition. The amended plat of these two blocks shows Macy Street running approximately east and west between Blocks 19 and 23, 19 on the north and 23 on the south. The street is 67.66 feet wide at the east side of these Blocks and 60 feet at the west side. Classen Boulevard is on the east side of these two blocks and Emelyn Street is on the north of Block 19 and Boyd Street is on the south of Block 23. The right-of-way of the A. T. & S. F. Ry. Co. is on the west. There is a 20-foot alley which parallels Classen Boulevard and cuts each block into two parts. It is immediately back of the lots in these blocks that face on Classen Boulevard. The plaintiffs seek to vacate Macy Street from Classen Boulevard to the alley. Their property bounds this part of Macy Street on the north and south.

It is the plaintiffs' position that the portion of the plat which they want vacated has never been devoted to street purposes by either the city or the public and that the portion of Macy Street in question was enclosed and adversely occupied, openly, notoriously and continuously by the plaintiffs and their predecessors in title for more than five years. They also contend that the evidence failed to show that any injury or prejudice would result to the other owners in the platted area from the vacation of the east portion of Macy Street.

The intervenor Ashton owned all the lots west of the alley that faced on Macy Street.

If Macy Street east of the alley were closed the only outlet of occupants of the lots west of the alley would be through the alley or across the railroad right-of-way. The use of the railroad right-of-way could be cut off by the railroad at the end of annual rental period.

The plaintiffs proceeded in this case under 11 O.S.1951 §§ 522–529. Important to us here is Section 524, which we set out:

"If such applicant, or applicants, shall produce to the court satisfactory evidence that the notice required by the preceding section has been given, such court shall proceed to hear and determine such applications, as well as any objections thereto. If such application shall be for the vacation of the entire plat, and no owner of any portion thereof shall appear and object to such vacation, the entire plat may be vacated, or if it shall appear that portions of such plat are not used or required for town or city purposes as platted, the court may vacate such portions thereof as will not injuriously affect the rights of owners of other portions of such plat. If the application shall be by the owner or owners of a portion of such platted tract for the vacation of such portion only, and it shall appear that the portion desired to be vacated has never been actually used for town or city purposes, or that the platted streets and alleys on or across such portion have never been used by the public, or that the public has for more than five years abandoned such by non-user, or that the same has been enclosed and occupied adversely to the public for more than five years, then the court may vacate such portion of said plat. Any decree vacating a plat or any portion thereof shall be filed and recorded in the office of the county clerk in the county where the land is situated, and the county clerk shall note on the original plat a reference to

such decree and the book and page where recorded."

What the plaintiffs seek to vacate is that part of Macy Street from Classen Boulevard to the alley that traverses Blocks 19 and 23, which is a strip of ground 67.66 feet wide and 157.83 feet long. Classen Boulevard is a fine wide street and very heavily travelled, being U. S. Highway 77 at this point. This property is not more than five or six blocks from the Campus of the University of Oklahoma.

■ We do not think that the trial court committed reversible error when it refused to vacate this part of the street. In the first place it is plain that if the part of the plat which is sought to be vacated was vacated it would injuriously affect the rights of owners of other portions of this plat. Certainly those owners who live west of the alley on Macy Street would suffer a financial loss as well as greater inconvenience in reaching Classen Boulevard.

Under any circumstances people living on the west part of Macy Street would have to go over 300 feet out of their way to reach Classen Boulevard. There was ample evidence to show the value of the lots on West Macy Street would be depreciated in value if the direct outlet to Classen Boulevard was eliminated. We do not think that Bohnsack v. Ponca City Development Co., 167 Okl. 177, 29 P.2d 61, is in point here. In that case the trial court found that there was sufficient evidence to show that the rights of the owners of the other portions of the platted area would not be injuriously affected by the vacation of the plat. In the case at bar the trial court found that such owners would be injuriously affected by vacating the plat as to the east part of Macy Street.

Since we think the plaintiffs have failed to get over the first hurdle that Section 524 makes, we will not discuss the other questions raised.

There has been no abandonment for five years by the public for non-user.

■ Neither has this part of Macy Street been enclosed and occupied adversely to the public for more than five years. The mere fact that a street has not been fully improved does not show abandonment by the City. Some improvements on this part of the street had been made by private citizens.

At the time of the trial the City of Norman made the showing that it was ready and willing to improve the part of Macy Street which was sought to be vacated. When this street was dedicated there were natural conditions existing which deterred the City of Norman from improving it but with the growth of the City it now intends to improve this street. We said in Town of Chouteau v. Blankenship, 194 Okl. 401, 152 P.2d 379, 384, 171 A.L.R. 87:

"The questions of the advisability of opening a street that has been dedicated to the public and of when it shall be opened rest largely in the discretion of the municipal authorities, and the courts will not interfere with such discretion except possibly in rare cases. 25 Am.Jur. 368; McQuillin, Municipal Corporations, 2nd Ed. Revised, § 1408; Elliott, Roads and Streets, 5th Ed., § 129; Dillon, Municipal Corporations, 5th Ed., § 1142."

The plaintiffs rely upon the case of In re Application of Smith, Okl., 283 P.2d 529, but it is so different on the facts from the case at bar that it is not controlling. There the alley which was sought to be vacated had been fenced in for almost fifty years and there was no evidence that either the street or alley had ever been used for public purposes during that time. The question of adversely affecting the rights of other owner or owners of other parts of the plat by the vacation was not passed upon in that case.

We cannot see wherein the case of Town of Chouteau v. Blankenship, supra, can be of any comfort to the plaintiffs. There the Town of Chouteau was going to open a street which had never been opened since it was platted as the original Townsite in 1902. It was sought to prevent the Town from doing so. This Court refused to en-

join the Town. We held that mere delay in opening a street created by dedication in an incorporated town when the public need has not required its use does not constitute an abandonment of the street.

We think that the judgment of the trial court is sustained by both the evidence and the law and of necessity must be affirmed.