William T. GREEN et al., Plaintiffs in Error,

v.

The CITY OF NORMAN, Oklahoma, a Municipal Corporation, Defendant in Error.

No. 41913.

Supreme Court of Oklahoma.

May 27, 1969.

Vaughan & Smalley, Norman, for plaintiffs in error.

Fielding D. Haas, Norman, for defendant in error.

DAVISON, Justice.

This is an appeal on the original record by William T. Green, et al., defendants below, from a judgment in favor of the plaintiff, City of Norman, quieting the title to a tract of land against the claims of the defendants and canceling a lease given by the City, as lessor, to Oklahoma Dry Ice Corporation, as lessee. The question presented by this appeal is whether the City could validly lease a portion of a city street to a private concern for a term of years.

Plaintiff City instituted this action to quiet title to a tract of land in Jones Avenue, which was platted and dedicated as "Front Street" in the original plat of Norman, Oklahoma, in 1887. Jones Avenue is 100 feet wide and extends in a northwesterly and southeasterly direction. The subject tract of land is 50 feet wide, and is 164 feet in length along and on the westerly half of Jones Avenue, and adjoins a railroad right-of-way on the west. A concrete block building measuring 50 feet by 100 feet is located on the tract.

It appears that the tract was initially leased by the City in 1930 and that the lessee thereafter constructed a building thereon. In August, 1948, the City leased the tract to Oklahoma Dry Ice Corporation for a term expiring in November, 1981, at a rental of $200 per year. This lease recites that the City does not own or claim to own any of the improvements on the land. In October, 1961, the successor to Oklahoma Dry Ice leased the premises to the defendant Edward W. Cook, for 10 years at a rental of $150 per month, with a provision that Cook was to make certain repairs and alterations at an estimated cost of $3,050. Thereafter, a later City Commission questioned the propriety of renting "public property" and this suit to quiet title and to eject the defendants was filed. The trial court rendered judgment for the City.

The defendants contend that the City has entered into a formal lease and has accepted the benefits (rentals) of the lease and is estopped to deny the validity of the lease.

The merit of this proposition depends on whether the City had the power to legally lease a part of the public street for private use.

In City of Norman v. Ballard, 202 Okl. 93, 210 P.2d 340, we were presented with the question of whether the City could use a part of the same identical street (Jones Street) as a storage yard for materials and machinery belonging to and used by the City. We held the City had no right to do this. We said the city's right in a street in Oklahoma is an easement for highway purposes and the municipality cannot use it for any purpose inconsistent therewith, and that a city may not arrogate to itself any greater use of streets for purposes other than what its easement calls for, than may an individual.

In the absence of a statute to the contrary, the title to streets created by dedication is held by the municipality in trust for the public, and not in a proprietary capacity, and the municipality is with-

out power to alienate the same. Whitaker v. Town of Tipton, Okl., 426 P.2d 336; Harper v. Oklahoma City, 208 Okl. 307, 255 P.2d 933; and Lindauer v. Hill, Okl., 262 P.2d 697.

In the Lindauer case, supra, the court quoted with approval from Texas Co. v. Texarkana Mach. Shops, Tex.Civ.App., 1 S.W.2d 928, 931, as follows:

"' * * * The diversion of public property to private use is generally considered an abuse of power by those who are custodians of the rights of the public, rendering the act void. * * * ' "

And in City of Stillwater v. Lovell, 159 Okl. 214, 15 P.2d 12, 13, we said a municipality had no power, without express legislative authority, to license a private individual to make a permanent use of "any portion of a street for any private purpose that will interfere with the legitimate public use of the street for travel notwithstanding some space is left for the passage of the public."

■ Our statute, 11 O.S.1961, § 659, provides that the city council, or other governing body, shall have power to "grant to any public use any street" within any legally platted city, whenever deemed necessary or expedient. Our attention is directed to no statute, and we find none, that authorizes the municipal governing body to lease, alienate, or divert a portion of a public street for private use for a term of years.

In view of the above authorities we must conclude that the governing body of the City of Norman had no power or authority to lease a portion of Jones Avenue for private use.

We now turn directly to defendants' proposition that the City was estopped to deny the validity of the lease. Defendants' authorities concerning estoppel being applicable to a city, while acting in its proprietary capacity, are not in point. As shown above, in Oklahoma the title to public streets is not held by the municipality in its proprietary capacity. This distinction between estoppel in regard to acts of a municipality in its proprietary or private capacity and acts in its governmental or public capacity, is recognized in defendants' cited authority in 31 C.J.S. Estoppel § 138, pp. 676, 677.

Also in the same volume (31 C.J.S. Estoppel § 145, p. 725) it is stated, regarding grants or licenses to use streets, that "where a grant or license is void because of the entire absence of power to execute it, a municipality is not estopped by its acquiescence."

In City of Stillwater v. Lovell, supra, we further approved the statement of law, that an ordinance having the effect of diverting the streets from a public to a private use is ultra vires and void.

Defendants cite Foote v. Town of Watonga, 37 Okl. 43, 130 P. 597, and Town of Chouteau v. Blankenship, 194 Okl. 401, 152 P.2d 379, 383, 171 A.L.R. 87, and call attention to statements therein that in some states the doctrine of equitable estoppel may preclude the right of a municipality to assert title to a lot held for a town hall and to a street (respectively) but that such doctrine was applied only in exceptional cases and with great caution. However, in neither of the cited cases did we apply the doctrine of equitable estoppel to acts of a municipality done in its governmental or public capacity or to property held in trust for the public. And, in the Town of Chouteau case we quoted a criticism of this practice, found in Elliott, Roads and Streets, 3rd Ed., Vol. 2, § 1189, which stated in part to the effect that it was difficult to conceive on what principle an equitable estoppel could be securely placed in such cases, because the person who uses the street must know, as a matter of law, that the street belongs to the public, and that the local authorities can neither directly nor indirectly alienate the way, and that they cannot divert it to a private use.

■■ In any event, in the present case all parties must have known the area leased was located within a public street and that the City was without authority to lease a

part of the public street. In Updegraff v. City of Norman, Okl., 287 P.2d 909, we said that an estoppel cannot exist where the knowledge of both is equal and nothing is done by the one to mislead the other.

It is our conclusion that the doctrine of equitable estoppel is not applicable in the present case.

The judgment of the lower court is affirmed.

All the Justices concur.