**MISSOURI, K. & T. R. CO. et al. v. CITY of EUFAULA et al.**

No. 12263—Opinion Filed Nov. 1, 1921.

(Syllabus.)

1. **Municipal Corporations — Assessments for Street Improvements — Liability of Railroad Property.**

The right of way and station grounds of a railway company in Oklahoma, which were granted by Congress, are subject to special assessments for betterments for a street improvement.

2. **Same — Validity of Assessment — Mere Irregularities in Procedure.**

That portion of a railway right of way and station grounds not included between the rails and tracks of the railroad and for two feet on the outside of such rails and tracks, is liable for a special assessment for a street improvement, where set forth in proper quarter-block districts, and the premises assessed were those quarter blocks thereon designated as abutting on that portion of the street which was improved, and mere insufficient description or other irregularities in a proceeding for a special assessment for a street improvement would not entitle such abutting owner to have the assessment declared void, but its rights under the statute of Oklahoma would. at most, be limited to having a reassessment made conforming to the statutory regulations.

3. **Same — Denial of Injunction Against Assessment—Affirmance.**

Record examined, and held that there is no reversible error in the record, and the judgment of the trial court is affirmed.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by the Missouri, Kansas & Texas Railway Company and its receiver against the City of Eufaula and certain city officers and others, for injunction against enforcement of special assessments for certain paving. Judgment for defendants, and plaintiffs bring error. Affirmed.

M. D. Green and H. L. Smith, for plaintiffs in error.

E. C. Hopper, Jr., Randolph, Haver & Shirk, and H. M. Gray, for defendants in error.

JOHNSON, J. This is an appeal from the district court of McIntosh county. This was an action commenced by the Missouri, K. & T. Railway Company to prevent the city of Eufaula from enforcing certain paving assessments and from issuing paving bonds therefor. A temporary injunction was denied, and defendants' demurrer to plaintiffs' petition was sustained, to reverse which judgment this proceeding in error was commenced.

The record discloses that the city of Eufaula was engaged in paving certain streets which crossed the Katy Railroad right of way at right angles. The right of way was 509 feet wide and 2,000 feet long. The company uses for tracks, including two feet on the outside of the outside tracks, but 128 feet of this 500 feet of right of way, in the center thereof, leaving 372 feet for other uses. The city proceeded in the regular way under the statutes, the city having no charter form of government, and when it came to letting the contract it included all the work, both within and without the railroad tracks, and the two-foot strip on each side thereof. Thereafter an assessing ordinance was passed in which the abutting railroad land within proper quarter blocks was all assessed, but that between the tracks and two feet on each side thereof was separately assessed from that outside such limits. Thereafter the city adopted its bond resolution, which did not include the expense of paving between the tracks and two feet on each side thereof, but did include the expense of paving assessed to the remainder of the railroad property.

At this time the Katy brought this injunction suit to restrain the city from taking any steps to collect the assessments and from issuing the bonds. Neither at the time of the commencement of the suit nor since, has there been any paving between

the tracks. This is admitted in the record and was also admitted in the oral argument of the case. The railroad company admits that it may be required to pave the 128 feet used for its tracks as aforesaid, but insists that it cannot be assessed for such paving; but its main contention is that the remainder of the right of way, the 372 feet, cannot be assessed at all.

The specifications of error argued in the brief of its counsel are as follows:

"(1) The trial court erred in finding that plaintiffs in error's motion for a temporary injunction should be denied, and refusing to grant them a temporary injunction.

"(2) The trial court erred in finding that defendants in error's demurrer to plaintiffs in error's petition should be sustained, and in sustaining said demurrer.

"(3) The court erred in making and rendering its order and judgment denying plaintiffs in error a temporary injunction, and sustaining defendants in error's demurrer, and entering judgment dismissing the case at plaintiffs in error's costs."

The only two propositions argued by counsel for plaintiffs in error in their brief are as follows:

"The contract which was let by defendants in error for paving between the railway tracks and the assessments for the estimated costs thereof, are void, and the paving bonds are void.

"All of the assessments against the railway company and its station grounds for paving that part of the streets outside of the railway tracks are void, and the bonds issued therefor are also void."

These propositions are closely related and will be considered together. Concerning these propositions, counsel for plaintiffs in error say in their brief:

"The evidence introduced in support of plaintiffs in error's application for a temporary injunction to enjoin the defendants in error from collecting the paving assessments involved in this suit has heretofore been set out fully in this brief, and consisted of the plaintiffs' verified petition and the various resolutions, ordinances, and other documents referred to. The allegations of fact in the verified petition, which are admitted by the demurrer filed on behalf of defendants, and the other evidence introduced show that the railway company acquired its right of way and station grounds through Eufaula under congressional land grant and that the same is necessary for its uses in conducting the business of a common car-

rier in interstate and intrastate commerce; that these station grounds where they are crossed at right angles by High street and McKinley avenue, which are being paved, are 500 feet in width, and there are four railway tracks traversing same within 100 feet of each other, and that it is almost 200 feet from the outside track to the outer edge of the station grounds on both the east and west sides thereof, all as more fully shown on the blue print map; that on January 22, 1919, defendants passed a resolution declaring the necessity for the paving of High street and McKinley avenue, including that part of same crossing said station grounds and railway tracks; that on June 23, 1919, they passed a further resolution looking to this improvement; that on June 24, 1919, the defendants advertised for bids for letting the contracts for said paving, including that part of High street and McKinley avenue across said station grounds and between the tracks, and on July 8, 1919, they let the contract for said paving to Comstock & Hanson. The contract provided, among other things, that the contractors were to be paid in street improvement bonds and the defendants thereby agreed to take the necessary action to have such bonds issued and delivered to the contractors upon the completion and the acceptance of the work, and to take such action as would facilitate the collection of the assessments levied in payment of the paving.

"Thereafter the defendants undertook to have the appraisers appraise the benefits of said paving to the abutting property, including the said station grounds and on February 3, 1921, they passed ordinance No. 21, by which they undertook and attempted to assess both the abutting property and the owners thereof, including the plaintiff railway company and its station grounds, with the cost of said paving, and provided for the time and manner of payment thereof, and the interest to be charged, and for the issuance of bonds to cover assessment not paid."

Counsel then cite article 12, secs. 608-646, Rev. Laws 1910, being the statutes regulating paving and improving streets and levying assessments to pay for the same, and counsel take the position that because the statutes impose upon the railway the duty of paving between the rails and two feet on each side, the remainder of the right of way, regardless of area or of use, is not subject to assessment. They base this contention upon section 611 of the statute, supra, which is as follows:

"And where any steam railroad company shall cross with any street that is being or has been paved, the city counsel may require such railway company to pave so much of said street as may be occupied by its track or tracks and two feet on each side, and when more than one hundred feet, measur-

ing from inside rail to inside rail, said railway company shall grade, gutter, drain, curb, pave or improve between its said tracks in the same manner as the city may be improving or has improved the other portion of said street."

They also set out section 619, which governs the manner of making assessments, and section 635, governing the issuance of bonds; but say in their brief:

"The last-quoted general provisions of the paving law do not apply, however, to the matters now presented to the court herein, because the other and special provisions of the law fully cover the matter"

—taking the position that the last-quoted provisions have no reference to the balance of the right of way property involved herein. With this contention of counsel we cannot agree. This precise question has been decided both by this court and the Supreme Court of the United States clearly the other way. By this court in the case of Missouri, K. & T. Ry. Co. v. City of Tulsa, 45 Okla. 382, 145 Pac. 398. In that case, in construing section 6 of charter of the city of Tulsa, the provisions of which are substantially the same as those of the statute quoted, supra, this court, in paragraph 2 of the syllabus, stated:

"Section 6 of the charter of the city of Tulsa provides: 'After excluding the cost of making any improvement between and two feet on each side of the track and rails of railroads, * * * and the entire cost of any improvements crossing the right of way of any railroad, which costs are to be * * * paid by the owners of such railroads. * * * the city * * * shall have the power to assess the whole cost of construction. * * * against the owners of the property abutting upon the street * * * upon which such improvements are to be constructed, and who are specially benefited thereby. * * * ' Assuming that certain lots owned by the railroad company and within its right of way are within the taxing district and are benefited by the improvement, held that the company are the 'owners of the property abutting upon the street.' improved within the meaning of the charter."

The Supreme Court of the United States in the case of Choctaw, O. & G. Ry. Co. v. B. W. Mackey, as Co. Treas. of Hughes County, Okla., and the City of Holdenville, Okla., et al., U. S. Sup. Ct. Adv. Opinions, July 1, 1921, p. 639, 256 U. S. —, 41 Sup. Ct. 582, 65 L. Ed. 639, in paragraphs 2 and 3 of the syllabus, stated:

"2. The right of way and station grounds of a railroad in Oklahoma, which were granted by Congress, and which, through leasing, have become an integral part of through lines of a great railroad system, are not exempt from special assessment for a local improvement on the theory that, because among the public served by the railroad are some mines on land leased from the Choctaw Nation, such railroad is an instrumentality of the federal government.

"3. A railroad right of way and station grounds in Oklahoma are sufficiently identified in a proceeding for a special assessment for a street improvement to satisfy due process of law, where, the premises not having been platted, the mayor and common council adopted a map of the city engineer on which the right of way and station grounds were set forth in proper quarter-block districts, and the premises assessed were those quarter blocks thereon designated as abutting on that portion of the street which was improved, and the designation was clear, although, some time after the passage of the ordinance providing for the assessment, this map was inadvertently removed from the city files, the railroad companies having full knowledge of the proceedings relating to the assessment, and of the commencement, progress, and completion of the improvement, and there being no suggestion that they were injured or misled by the temporary absence of the map from the city files."

Also, see Oklahoma Ry. Co. v. Severns Paving Co. et al., 67 Oklahoma, 170 Pac. 216.

As hereinbefore stated as to the space between the tracks, while the same was included in the contract, it is admitted that neither the city nor the contractor has assumed to act thereunder, and the same has not been paved. However, the record discloses that the railway company was notified to pave after the contract was let. Concerning this matter, counsel for defendants say in their brief:

"The plaintiff also complains that the assessment was void, and hence the bonds will be void because the assessments were not only against the various items of property, but also personally against the various property owners.

"The city of Eufaula is governed by the state law as to paving, and not by charter provisions, and we do not contend that a personal liability assessment can be made. We admit also that the assessments in the instant case may be interpreted to impose a personal liability on the property owners. If it does, then this part of the assessment is clearly a nullity. But this does not give merit to plaintiff's contention. The assessment against the railroads—except that for paving between the tracks—is also against specific quarter-block tracts of land. * * *

"It is obvious that the attempt to impose a personal liability is void, if the assessing ordinance is to be construed as such an at-

tempt. This is apparent from the ordinance itself. Such portion of the ordinance is a nullity as a matter of law. But it can be excluded and a valid assessing ordinance still remain. This part of the ordinance certainly does not tend to cloud plaintiff's title, and as the petition does not allege that the city is attempting or threatening to enforce the assessments as personal obligations, then the petition clearly does not state a cause of action arising from the personal assessment. Moreover, as there is no legal procedure by which the assessment could be enforced as a personal obligation, it seems impossible to conceive how a cause of action could be so stated."

These statements of counsel are and will be considered by this court as solemn admissions in the record in the instant case, and the effect of the same is that the question of levying assessments upon the part of the railroad company's right of way between its tracks and for two feet on the outside thereof, for which no bonds will be issued, by the city, and the question of personal liability assessments against the plaintiffs, are out of the case, as the provisions of the statute in relation thereto must be followed. And in the event the railroad company fails to pave that part of its right of way between its tracks and for two feet on the outside thereof as prescribed by the statute, then the city may proceed to pave the same and enforce payment therefor by the railway company in a proper proceeding in the district court in the way and manner provided by the statute.

The judgment of the trial court refusing an injunction is affirmed.

HARRISON, C. J., and KANE, MILLER, and KENNAMER, JJ., concur.