KAY COUNTY, EXCISE BOARD, v. DAVIS et al.

No. 29745. June 18, 1940.

Rehearing Denied July 2, 1940.

*103 P. 2d 939.*

John H. Hill, County Atty., of Kay County, of Newkirk, and Jack L. Langford, of Oklahoma City, for plaintiff in error.

J. D. Williamson, City Atty., of Kaw City, and O. B. Martin, of Blackwell, for defendants in error.

WELCH, V. C. J. In the annual estimate of Kaw City the county excise board inserted and added an item of $1,000 for audit of the books, records, and accounts of Kaw City. No estimate or request for any appropriation for such purpose was made by the local governing board. The protest attacks the tax levy made to finance this appropriation. The protest was sustained, and this appeal is prosecuted from that order.

The county appears to concede that as a general rule the duties of the excise board are limited to approving the estimate of the local governing board and extending the tax levy, if the appropriations are for legitimate purposes, and within proper limitations of amount; and that as a general rule the excise board is without authority to insert and add new items of appropriation, not in any manner estimated for or requested by the local governing board. However, the county and the excise board contend that an exception here exists, and that by reason of the provisions of chapter 20, art. 11, S. L. 1939, the excise board had power and it was its mandatory duty to insert and add this particular item of appropriation.

The pertinent portion of the act relied upon reads as follows:

"Provided, any city or town shall have its books audited and examined by the State Examiner and Inspector, upon petition of twenty-five (25%) per cent. of its voters, the number to be determined by ascertaining one-fourth (¼) of the number of persons voting at the last general election for city or town office, and using as a criterion the office

receiving the highest number of votes. Provided, the cost of said examination and inspection shall be borne by the city or town requesting the same. The cost of such audit to be ascertained prior to the petitioning for the audit by the said twenty-five (25%) per cent. of the voters and the amount to be charged therefor to be named and set up in the petition by the voters for such audit."

In this case petition for an audit was filed with the State Examiner and Inspector; and after the city estimate had been filed with the county excise board, but before the excise board had finally passed upon it, the State Examiner and Inspector, by letter, advised the excise board that such a petition had been filed with him and that same was signed by more than twenty-five (25%) per cent. of the local voters of Kaw City, and that such petition requested an audit of the books of Kaw City for a stated four-year period, and that an appropriation item of $1,000 should be set up in the budget of Kaw City to pay for such auditing. The petitioners in no manner presented the petition or any request for audit to the governing board of the city, nor has the board ever had an opportunity to ascertain whether the petitioners are local voters of the city.

It is contended by the county, plaintiff in error, that under those circumstances the county excise board had the power and the mandatory duty of inserting and adding that new item of appropriation. The conflicting contention of the parties necessitates a construction of the involved statutory enactment, since it is contended by the protestant and city that said enactment does nothing more than to provide for the audit and make it the duty of the city to have the audit made, leaving the matters of appropriation and payment for the audit to occur in the usual and orderly manner of expenditure of public funds for legitimate purposes. The orderly method of perfecting an appropriation for the expenditure of city funds is for the governing board

to make the estimate or request for such appropriation and for the same to be approved by the county excise board, and the city and protestant contend there is nothing in the considered enactment authorizing the county excise board to proceed otherwise, nor authorizing the excise board to insert and add this new item of appropriation upon request so to do by letter of the State Examiner and Inspector. They contend further that if the enactment is valid, it requires the city by its proper officers (sections 6351 and 6380, O. S. 1931, 11 Okla. St. Ann. §§ 569 and 642) to have the city books audited and examined by the State Examiner and Inspector; and that the enactment conferred upon the petitioners no right except to have the audit obtained, and provision made to pay therefor out of the public funds of the city in the usual and orderly manner.

The construction contended for by the city and protestant appears to be the more logical. The enactment does not provide where or with whom the petition shall be filed or to whom it shall be presented. It does provide that *upon* the petition, the *city* shall have its books audited, the cost to be borne by the *city* requesting the audit. Generally, of course, when the law imposes a duty upon a *city* in reference to its fiscal management, that duty is to be performed by the proper officials of the city just as power granted to a *city* is ordinarily exercised by action of the proper officials of the city rather than by any percentage of citizens or voters of the city. While the petition referred to in the enactment was to be signed by voters of the city, it was made the duty of the *city* to have the audit made. In view of all of the language of the act, we think it was the legislative intent to require that upon proper petition the *city* should have the audit made and pay for it, but, since no express provision was attempted to be made otherwise, we conclude it was the legislative intent that the *city*, through its proper officers, should have some knowledge of the desired audit and should make

provision for the expense thereof in the regular and usual manner. Prior to this enactment the proper city officials in their discretion could have obtained an audit of city books and could have made proper arrangements and appropriation to pay the cost thereof. It was clearly the legislative intent by this enactment to relieve the city officials of their discretion in the matter when an audit was demanded or called for by petition of a proper percentage of the voters of the city. Thus the officials of the city may at any time in their discretion have an audit of the books of the city, or under this enactment they must obtain such an audit by the State Examiner and Inspector upon proper petition of the voters of the city.

Our laws contain various provisions requiring action upon petition of citizens, in which circumstances, however, the desired action is not automatically obtained by signing and filing the petition, but the desired result is obtained by appropriate action of the proper official, whose duty it is to so act upon the petition. Illustrative are, the provision for calling a grand jury, section 18, art. 2, of the Constitution; provision for change in school districts, sections 6795, 6910, 6915, 6940, O. S. 1931, 70 Okla. St. Ann. §§ 75, 831, 251, and 281, and chapter 93, S. L. 1933, 70 Okla. St. §§ 841-853; provision for city elections, chapter 128, S. L. 1933, 11 Okla. St. Ann. § 471; sections 6396, 6418, 6429, 6431, 6570, 6583-6590, O. S. 1931, 11 Okla. St. Ann. §§ 659, 552, 561, 562, 1213, 1202-1206, 1191-1193; provision for mandatory appeals to be taken by the county attorney on petition, section 7679, O. S. 1931, 19 Okla. St. Ann. § 431; provision for county seat elections on petition, section 7400, O. S. 1931, 19 Okla. St. Ann. § 72; provision for change in county boundaries, section 7368, O. S. 1931, 19 Okla. St. Ann. § 12.

We cannot conclude that it was the legislative intent by this enactment that such a petition filed with the State Examiner and Inspector should constitute a sufficient and lawful request of the excise board requiring an appropriation by the excise board of the amount stated in the petition, even if that action should be supplemented, as here, by a letter from the State Examiner and Inspector to the county excise board. If the enactment makes it the duty of the *city* to have an audit of its books upon petition, then the governing board of the city should be advised of the desire and demand so that they might perform that duty and make orderly provision to pay for the service. It would seem logical to conclude that the Legislature by this enactment intended the petition should be presented to the city and that the city should then request the audit and make provision to pay for it.

By former decisions this court has adhered to the general rule that the excise board is without authority to insert or add new items of appropriation not requested by the governing board in its estimate. School District No. 85, Kay County, v. School District No. 71, Kay County, 135 Okla. 270, 276 P. 186; Protest of Chicago, R. I. & P. Ry. Co., 150 Okla. 167, 1 P. 2d 383; Little v. County Excise Board of Marshall County, 161 Okla. 40, 16 P. 2d 1080, and others.

And we find nothing in the considered enactment creating an exception as to the item here considered. The plaintiff in error cites no authority leading us to another conclusion. Plaintiff in error does cite City of Ardmore v. Excise Board, 155 Okla. 126, 8 P. 2d 2, wherein the expression was used that salaries fixed by law are required to be paid, and when omitted from the estimate, might be lawfully added thereto by the excise board. We do not find that decision to be in point here, or that the expression noticed is applicable to the situation here presented. There is an obvious difference between a salary item fixed by law and regularly recurring, on the one hand, and upon the other hand, an item for a sum stated as necessary in a petition for audit signed by twenty-five (25%) per cent. of the voters. The parties here are

not in accord as to whose duty it is to fix the amount to be considered as the correct amount to appropriate to pay the audit. The protestant and the city in their brief refer to that amount as being determined by the State Examiner and Inspector, while the county, plaintiff in error, insists that the amount is not determined by the State Examiner and Inspector, but "is determined in the petition" (or, as we understand the contention, the determination is made by the petitioning voters), but we regard that disputed point as not of controlling importance. The plaintiff in error cites no other decision of this court sustaining its contention that the excise board has power and authority to insert and add new items of appropriation, not requested by the local governing board nor shown in its estimate.

The brief of protestant and city urges the unconstitutionality of the considered enactment upon several grounds, but this attack was not specifically made in the tax protest. For that reason and for the further reason that our former discussion demonstrates that the protest must be sustained, we need not discuss those contentions.

We conclude that the signing of the petition for audit, the filing of the same with the State Examiner and Inspector, and the advice by his letter to the county excise board confer upon that board no authority to insert and add this new item of appropriation of $1,000; and that the act does not confer such power and authority upon the county excise board. Therefore, the tax levy made to finance this appropriation was illegal. The Court of Tax Review properly sustained the protest, and that judgment is affirmed.

BAYLESS, C. J., and HURST, DAVISON, and DANNER, JJ., concur.