HARPER et al. v. OKLAHOMA CITY et al.

No. 35358. April 7, 1953.

*255 P. 2d 933.*

Washington & Thompson, Oklahoma City, for plaintiffs in error.

A. L. Jeffrey, Municipal Counselor, Keith McMillin, Asst. Municipal Counselor, and Twyford, Smith & Crowe, Oklahoma City, for defendants in error.

PER CURIAM. This action was brought by plaintiffs against defendants to enjoin the assessment of plaintiffs' property for benefits resulting from paving a portion of North Chicago avenue lying within street improvement district No. 1133 created by the defendant city. Being of equitable cognizance, the case was tried to the court without a jury. Judgment was rendered for defendants, and plaintiffs appeal.

By stipulation of the parties, there was received in evidence court's Exhibit A, consisting of certain ordinances of the defendant city and the several resolutions adopted in connection with the creation of street improvement district No. 1133. Defendants introduced the judgment roll in No. 124815, district court of Oklahoma county, being a suit wherein the parties were the same as here, except that the mayor and councilmen were not joined. There also appears in the record the judgment of said district court; Oklahoma county in No. 123065, being a proceeding brought by these plaintiffs for the vacation of a portion of the plat of Roger Givens Subdivision of

Richland Acres, an addition to the defendant city. These exhibits comprise the entire evidence in the case. It is necessary to set forth in some detail the facts involved as they appear in the record.

Plaintiffs are the owners of certain lands described in their complaint by metes and bounds, but which constituted lots 1 and 2 of block "I" of Roger Givens Subdivision above mentioned. These lots lie on the west side of and abut upon North Chicago avenue.

On November 16, 1948, the city council adopted Ordinance No. 6113 vacating that portion of North Chicago Avenue between the north line of Northwest Thirty-sixth Street and the northeast boundary extended in a northwesterly direction of Block One (1), Roger Givens Subdivision as to "Lots One (1) and Two (2) of Block 'I' and Lots Four (4) and Five (5) of Block 'H' and the streets running across and between said blocks."

Thereafter, the city council, by appropriate resolutions, created street improvement district No. 1133 for the paving and improvement of certain streets, including "North Chicago Avenue from the existing pavement on Northwest Thirty-sixth Street to a point 300' north of the north line of Northwest Thirty-sixth Street," the first of such resolutions being adopted on August 22, 1950, and the final resolution, approving and accepting the work, being adopted on May 29, 1951. Ordinance No. 6621 spreading the assessment on the property involved was adopted May 15, 1951.

On February 25, 1951, plaintiffs brought suit against the defendants city and Metropolitan Paving Company, being cause No. 124915 in the district court of Oklahoma county. Without going into detail, suffice it to say that plaintiffs in their petition alleged that by Ordinance No. 6113, adopted on November 16, 1948, the city vacated that portion of North Chicago avenue therein described and by virtue of the appli-

cable statute. plaintiffs thereupon became the owners of the vacated portion thereof upon which their property fronted; that defendants, on February 21, 1951, entered upon plaintiff's property in violation of plaintiffs' rights for the purpose of making a street out of the west portion thereof and paving the same, all to plaintiffs' damage; that plaintiffs have no adequate remedy at law. Plaintiffs prayed for an injunction. A temporary restraining order was issued. The defendants filed separate answers and the defendant city filed motion to dissolve. In this motion the city alleged the passage of Ordinance No. 6577 on February 27, 1951, re-opening North Chicago avenue. After hearing, judgment was entered finding that plaintiffs had an adequate remedy at law "by reverse condemnation for damages", and that the plaintiffs could not enjoin a public improvement. Injunction was granted as to "the property located on the northern part of the plaintiffs' premises" and was denied "as to the property lying on the western part of their premises."

No appeal was taken from this judgment.

In this court plaintiffs make two contentions:

1. That the portion of the paving for which the property of plaintiffs is assessed was in fact constructed, not upon a public street, but upon plaintiffs' property;

2. That Ordinance No. 6621 (the ordinance assessing the cost of paving) erroneously described plaintiffs' property and, therefore, the attempted assessment thereof is void.

For reasons which will presently appear, plaintiffs' contentions cannot be sustained.

In support of their first contention plaintiffs assert that the portion of North Chicago avenue described in Ordinance No. 6113, adopted November 16, 1948, was, by that ordinance, vacated and never thereafter re-opened;

that plaintiffs' lands, then described as lots 1 and 2 of block "I" of such subdivision, abutted on said vacated portion, and that by the provisions of 11 O.S. 1951 §659, plaintiffs became the owners of the land in front of their property to the extent prescribed by such statute; that the paving for which the assessment in question was made was laid upon plaintiffs' property and that such property has never been condemned for such use.

It may well be doubted whether Ordinance No. 6113 was effective for any purpose. It will be noted that in its title and in the ordinance itself, the portion of the street declared to be vacated was described as that portion of North Chicago avenue between the north line of Northwest Thirty-sixth street and the northeast boundary extended in a northwesterly direction of Block One (1), Roger Givens Subdivision of Richland Acres. It is clear from the record that there was no block one (1) in the area in question. There the blocks are lettered alphabetically and not numbered. Probably the block which was intended to be described was block "I" and the letter "I" on the plat was read as figure "1"; but the fact remains that the ordinance describes a block which did not exist in the plat of the subdivision. However, in the court below and in this court, all parties have treated and considered Ordinance No. 6113 as a valid ordinance to the extent that it effected a vacation of the portion of North Chicago avenue here involved, and, for the purposes of this case, we shall do likewise.

In Oklahoma the title to streets and alleys in any municipality or addition thereto is held by such municipality in trust for the public, 11 O.S. 1951, §515; Town of Chouteau v. Blankenship, 194 Okla. 401, 152 P. 2d 379. 11 O.S. 1951 §659 provides as follows:

"The council, or other governing body, shall have the power to annul, vacate or discontinue, or grant to any public use any street, alley or lane, within any legally platted city or addition thereto, whenever deemed necessary or expedient; Provided, that all damages sustained by the citizens of the city or the owners of property therein, shall first be ascertained as provided by law for the condemnation of the property for railroad purposes; Provided, that whenever any street, avenue, alley or lane shall be vacated, the same shall revert to the owners of real estate thereto adjacent, on each side, in proportion to the frontage of said real estate, except in cases where such street, avenue, alley or lane shall have been taken and appropriated to public use in a different proportion, in which case it shall revert to adjacent lots or real estate in proportion as it was taken from them; Provided, that it shall be the duty of the council, or other governing body, to re-open said street, avenue, alley or lane theretofore vacated or discontinued except where the same has been acquired or vacated for railway purposes, upon petition of the property owners owning more than one-half of the property abutting upon said street within one block in either direction from said vacated portion, without expense to the city. Provided further that any owner, or owners, of any real estate to which any street, avenue, alley or lane, or any part thereof has heretofore or may hereafter revert by annulment, vacation or discontinuance within the corporate limits of any city, may commence an action in the District Court of the county in which said real estate is situated, upon petition showing nonuser by the public for five years, and after the passage of an Ordinance or Resolution annulling, vacating or discontinuing such street, avenue, alley or lane, asking for the determination of the necessity for re-opening any said street, avenue, alley or lane, and said court shall hear and determine the same; and, if a re-opening shall be determined by said court not to be necessary for public convenience or necessity, judgment may be granted, adjudicating to said owner, or owners. a complete fee simple title in and to the vacated part or portion thereof which reverted to his real estate; and, said action shall be commenced and prosecuted as a civil action against said city and owners of real estate in any block

or blocks abutting or adjoining said vacated street, avenue, alley or lane shall be made parties thereto, or interplead."

In the light of this statute it is clear that when the city council, by the adoption of Ordinance No. 6113, vacated the portion of the street upon which plaintiffs' property abutted, plaintiffs acquired title thereto to the extent provided by such statute. Askins v. British-American Oil Producing Co., 201 Okla. 209, 203 P. 2d 877.

But the title thus acquired was not a fee-simple title; rather, it was a conditional fee title, subject to divesture by the re-opening of the street by the city council upon the prescribed petition of property owners. The only way in which plaintiffs' title could be converted to one in fee simple was by an action in the district court of Oklahoma county commenced and prosecuted to judgment as in section 659 provided. The record in this case shows no such proceeding.

On February 27, 1951, the city council adopted Ordinance No. 6577 re-opening North Chicago avenue. The ordinance correctly described the premises involved and recited that a petition to re-open "signed by the owners of more than fifty per cent (50%) of the property abutting upon said street within one block in either direction from said vacated portion, was duly filed with the City Clerk on February 26, 1951."

Plaintiffs attack the validity of this ordinance upon the ground that the petition for its adoption was not signed by a sufficient number of qualified property owners; that, with one exception, those whose signatures appear were not the owners of property abutting upon the vacated portion of the street. Much of the briefs in this court is devoted to argument of this contention.

The defendant city insists that plaintiffs are estopped from attacking the ordinance by the judgment in cause No. 124915 heretofore referred to; that

although in that case the court did not specifically declare the ordinance to be valid, its validity was necessarily involved and upheld. We do not pass upon this question, preferring to rest our decision upon a different ground.

The petition for re-opening the street was not introduced in evidence and there is nothing in the record from which its sufficiency can be determined. The ordinance recites that the requisite petition was filed and the record contains no evidence to the contrary.

In 37 Am. Jur. pp. 812-813, the rule is stated as follows:

"Where the validity of an ordinance depends upon the existence of one or more facts at the time of the enactment thereof, the existence, and not the non-existence, of the facts necessary to sustain the validity of the ordinance should be presumed, in the absence of evidence to be contrary.

"An ordinance will be presumed to be in conformity with a statute from which it derives its vitality, unless the contrary is made expressly to appear."

That is the same rule announced by this court. Magnolia Petroleum Co. v. Wright, 124 Okla. 55, 254 P. 41; Baxley v. City of Frederick, 133 Okla. 84, 271 P. 257.

On the record before us, plaintiffs' first contention cannot be sustained.

Plaintiffs' second contention is that the assessment against their property is void because of erroneous description in Ordinance No. 6621. Therein the property is described as lots 1 and 2 of block "I", Roger Givens Subdivision. As before stated, plaintiffs, on May 31, 1950, obtained a judgment vacating the plat of this subdivision as to these and other lots. Plaintiffs argue that thereby such lots became unplatted territory and no longer existed as lots; that thereafter any description of the property must be by metes and bounds as set forth in plaintiffs' petition herein.

There is no merit in this contention Plaintiffs themselves brought about the vacation of the plat as to their lots and well knew that the premises appearing thereon as lots 1 and 2 of block "I" were, in fact, identical with those described by metes and bounds in the judgment rendered in the vacation proceedings.

Furthermore, and assuming that the description in the assessing ordinance was erroneous, that fact would not entitle plaintiffs to have the assessment against their property declared void. At most, their right under Oklahoma statute would be limited to a reassessment of their property, 11 O.S. 1951 §108; Oklahoma Ry. Co. v. Severns Paving Co., 67 Okla. 206, 170 P. 216; Missouri, K. & T. Ry. Co. et al. v. City of Eufaula et al., 83 Okla. 263, 201 P. 808; Choctaw, O. & G. R. Co. v. Mackey, 256 U. S. 531, 41 S. Ct. 582, 65 L. Ed. 1076.

The judgment of the trial court is affirmed.

This Court acknowledges the services of Attorneys Donald Campbell, Bradford J. Williams, and Wilbur J. Holleman, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.