J. M. ALSIP et al., Plaintiffs in Error,

v.

The CITY OF CHANDLER, a municipal corporation, Willis W. Koonce as Mayor of said City of Chandler, Oklahoma, Paul Brewer, Paul J. Smith, Clyde Beatty and Herbert Cunningham as Members of the City Council of said City of Chandler, Oklahoma, Wayne Rozell as City Manager and Virginia Davis as City Clerk of the City of Chandler, Oklahoma, Defendants in Error.

No. 40416.

Supreme Court of Oklahoma.

Feb. 2, 1965.

As Corrected Nov. 2, 1965.

Rehearing Denied Nov. 2, 1965.

P. D. Erwin, Chandler, for plaintiffs in error.

John W. Taber, Chandler, for defendants in error.

Maurice H. Merrill, Norman, amicus curiae.

WILLIAMS, Justice.

The principal question to be determined herein is whether an ordinance of the City of Chandler levying an assessment upon those receiving water, garbage or sewer services of such city, and creating a special fund to defray the costs of constructing a new city hall, is void and unenforceable. The trial court held that it was not.

J. M. Alsip and others, plaintiffs in error, initiated this action to enjoin the City of Chandler and certain named officials of such city, defendants in error, from enforcing its ordinance No. 714. Continued reference to the parties is as they appeared in the trial court.

The title of Ordinance No. 714, which contains three sections, is as follows:

"An Ordinance levying an assessment of .50¢ per month upon any and each owner, tenant, occupant or lessee of any family dwelling, separate apartment, building, office or premises within the corporate limits of the City of Chandler that receives water, garbage or sewer services of said City, for the purpose of financing the construction of a new city hall, and declaring an emergency. * * *"

Section 1 of the ordinance provides for the levy; section 2 provides for collection and sequestration of money in the "City Hall Fund"; and section 3 contains the emergency clause.

For reversal of the judgment of the trial court plaintiffs contend that the city charter of Chandler contains no provision for calling special meetings of the city council; that the special meeting at which ordinance No. 714 was passed was not called in accordance with Title 11, § 1003, O.S.1961; and that the emergency section of the ordinance was not attached by a separate vote as required by the city charter.

In Driver v. City of Tulsa, Okl., 292 P.2d 426, we stated:

"The City of Tulsa has a charter form of government * * * The terms of the charter are a proper subject of judicial notice. 11 O.S.1951 § 560; City of Ardmore v. Excise Board, 155 Okl. 126, 8 P.2d 2."

Section 10 of the charter of the City of Chandler, in pertinent part, is as follows:

"* * * The mayor or any three councilmen may call special meetings. * * *"

In their brief plaintiffs set forth a "transcript of a *part* of the minutes of that meeting [the meeting at which ordinance No. 714 was enacted]." (Emphasis ours.) Since only a part of the minutes are set forth, we can not determine or speculate as to what all the minutes would show concerning the calling of such special meeting. We do know that all five councilmen were present.

In Harper v. Oklahoma City, 208 Okl. 307, 255 P.2d 933, 937, 938, we said:

"In 37 Am.Jur. pp. 812–813 the rule is stated as follows:

" 'Where the validity of an ordinance depends upon the existence of one or more facts at the time of the enactment thereof, the existence, and not the non-existence, of the facts necessary to sustain the validity of the ordinance should be presumed, in the absence of evidence to the contrary.

" 'An ordinance will be presumed to be in conformity with a statute from

which it derives its vitality, unless the contrary is made expressly to appear.'

"That is the same rule announced by this court. Magnolia Petroleum Co. v. Wright, 124 Okl. 55, 254 P. 41; Baxley v. City of Frederick, 133 Okl. 84, 271 P. 257."

■ Absent pleadings and evidence it will be presumed that the special meeting of the city council was properly called and that the emergency section of ordinance No. 714 was properly attached.

On the record before us, plaintiffs' three contentions hereinabove set forth cannot be sustained.

Plaintiffs maintain that:

"A city cannot collect or expend funds for a particular purpose unless an item therefor has been included in the annual budget which has been approved by the County Excise Board, or such indebtedness has been authorized by a vote of the people."

In the Lincoln County News of December 27, 1962, there were published the following legal documents:

A request by the city manager of Chandler dated November 18, 1962, for additional appropriations for current expenses; a consent by such city manager to the cancellation of appropriation balances for capital outlay in certain departments of the City of Chandler; the consent of the Governing Board of the City of Chandler dated November 18, 1962, to such cancellations and to the request for additional needs; the consent of the Governing Board of such city (city council of Chandler) to such cancellation and request that such cancelled balances be appropriated to the account of capital outlay, general government because of an emergency, directed to the Excise Board of Lincoln County; and the approval of the excise board ordering cancellation of the aforesaid balances and reappropriating such balances to capital outlay, general government.

These documents showed a surplus unencumbered appropriation in each of several accounts. Unencumbered balances were transferred into a new item for the construction of a city hall. As above noted the Lincoln County Excise Board approved the requested cancellations and transfers and did transfer such unencumbered balances.

In the case of Bartlesville Water Co. v. Brann, 166 Okl. 251, 27 P.2d 345, 346, we stated:

"The authority for supplemental appropriations and the entire procedure governing the same is shown in section 12680, O.S.1931 [68 O.S.1961 § 292]. It provides, in part, as follows:

" 'Whenever the public welfare or the needs of any county, township, city, town or school district shall require, the Excise Board may, on call of the Chairman, convene at any time for the purpose of making supplemental or additional appropriations for current expense purposes; provided, that all such appropriations authorizing the creation of an indebtedness, shall come within the limitations of Section 26, Article 10, of the Constitution. No supplemental or additional appropriation shall be made for any county, township, city, town or school district in excess of the income and revenue provided or accumulated for the year. * * *'

"The second subdivision of that section provides: 'If the financial statement herein required shall correctly reflect a surplus in revenue in any fund available for current expenses, and the excise board shall so affirmatively find it may make supplemental appropriations to an amount not exceeding the aggregate of such surplus.' "

In the third paragraph of the syllabus of such case, we held:

"If the financial statement shall correctly reflect a surplus in revenue in any fund available for current expenses, and the excise board shall so af-

firmatively find, it may make supplemental appropriations to an amount not exceeding the aggregate of such surplus."

In the case of In Re Protest of Murray, 140 Okl. 240, 285 P. 80, 81, we said:

" * * * It is contended that 'the ground of complaint is the fact that there was included in the appropriated needs for the waterworks department of Oklahoma City, for the aforesaid fiscal year, capital expenditures which plaintiff in error contends can be incurred only by virtue of and pursuant to a bond election held for the purpose of authorizing such expenditures, and that no election was held authorizing the issuance of bonds or the disbursements of current expense for capital expenditures.'

"We had this contention under consideration in cause No. 20460, In re Protest of Charles W. Bliss et al. [142 Okl. 1, 285 P. 73], supra, and there held contrary to this contention. In our opinion, 'current expense' as used in our statute is not limited to items that will be used exclusively during the fiscal year in which they are purchased. There is nothing in our statutes prohibiting the making of 'capital expenditures,' including new equipment, main extensions, service installations, new meters, and meter box replacements, from the current expense fund.

"An appropriation for current expenses which includes items of a semipermanent nature, and which will remain for use after the expiration of the fiscal year in which they are purchased, is not, for that reason, void in whole or in part."

See also Excise Board of Oklahoma County v. Board of Education of Oklahoma City, 178 Okl. 545, 61 P.2d 693, 62 P.2d 986.

The case of Dowler v. State ex rel. Prunty, 179 Okl. 532, 66 P.2d 1081, concerned an attempt by the city commissioners of Blackwell to purchase certain real estate for the city for public park and airport purposes. The warrants paying for the real estate were drawn upon and paid out of the general fund of the city. No appropriation whatever was made in either of the fiscal years involved, for the purchase of this or any other park or airport property. The city commissioners, in their annual estimate of the expenditure needs of the city, did not set up or state any need for expenditures for this purpose and requested no appropriation therefor.

"The plaintiff's action was based upon the theory that the expenditure of said funds in such manner was an unauthorized and unlawful expenditure of the public funds of the city of Blackwell for two reasons: (1) That such funds could not be so expended unless there had been an appropriation therefor or an estimate made and approved therefor. * * *"

At page 1094 of 66 P.2d, we said:

" * * * It may be true here that the city general fund actually received sufficient moneys from various sources, including light and water income, to pay these eight warrants and all others issued and drawn on the general fund. Such fact, if true, could not aid defendants here. These warrants were drawn and paid illegally and without authority because no appropriation was made for park or airport purposes. Appropriations were made, and properly so, for the expenses of the water department and the electric plant, and all other departments of the city. If more money came into the general fund than was needed to meet the appropriations or warrants necessarily and legally drawn, then a surplus might exist. *In the case of a surplus the law makes ample provision for supplemental appropriations.* Section 12680, O.S.1931 (68 Okl.St.Ann. § 292). *Such surplus, however, must be preserved and kept on hand unless it be supplementally appropriated according to law and expended in keeping therewith, and it may not be expended*

516

*without an appropriation* * * *
(Emphasis added).

■ We determine that defendants properly requested supplemental appropriations and that an additional item, new city hall fund, was properly established in the budget of the City of Chandler. See our opinion in the case of Kay County Excise Board v. Davis, 187 Okl. 494, 103 P.2d 939, 942.

■ Plaintiffs argue that "The ordinance attempts to create a fund which can be carried over from one year to another. This can not be done."

In considering this argument, we find that the question of whether the fund herein created may or may not be carried over from one year to another is not an issue in this cause. This is an action to enjoin the enforcement of a revenue producing ordinance, enacted by the City of Chandler, and not an action to prohibit the expenditure of said fund or to prohibit the City of Chandler from carrying over said fund from year to year.

■ Plaintiffs next argue that "A new city hall is a public improvement and expenditure of public funds for that purpose requires a vote of the qualified taxpaying voters." *In support of such argument* plaintiffs cite 11 O.S.1961 § 645. We consider that statute inapplicable. In the present instance there is no attempt to borrow money or issue bonds.

Section 29 of the charter of the City of Chandler provides:

"Public improvements may be made by the city government itself or by contract".

Plaintiffs point out no limitation in such charter as to the method of making public improvements. They cite no provision requiring a vote of the qualified taxpayers for the making of public improvements.

In the fourth paragraph of the syllabus in the case of Chastain v. Oklahoma City, Okl., 258 P.2d 635, we held:

"Neither the Constitution nor statutes specifically prescribe what rates may be charged for a municipally owned utility nor to what purpose the profits derived therefrom must be appropriated."

■ Lastly, plaintiffs contend that "A supplemental appropriation can not be made for a new item and then only where there is an emergency and surplus funds in another department." Such contention appears to admit that the action against which it is directed may be taken if there is an emergency and surplus funds are available for transfer and a lawful transfer is made.

Defendants' evidence was of effect that the city hall of Chandler at the time of the enactment of ordinance No. 714, was an old, dilapidated building "about to fall down" having been conveyed to the city in 1907.

As has been intimated hereinabove, the city council found that an emergency existed. Both the city council and the county excise board found that there were surplus funds in the appropriations to various departments. Plaintiffs offered no evidence of effect that an emergency did not exist or that the funds sought to be appropriated for building a city hall were not surplus monies.

Affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, JOHNSON and IRWIN, JJ., concur.

BLACKBIRD, J., concurs in result.

BERRY, J., concurs in part and dissents in part.