**BOARD OF TRUSTEES OF the TOWN OF TALOGA, Helmerich & Payne, Inc., and Oft Exploration, Inc., Appellants,**

v.

**HADSON OHIO OIL COMPANY, an Ohio Corporation and Gordon Carpenter, John Doe and Mary Roe, named as representative defendants on behalf of all of the Owners of Lots or Blocks in the Town of Taloga, Dewey County, Oklahoma, Appellees.**

**John LOGAN and Hadson Ohio Oil Company, a corporation, Appellees,**

v.

**HELMERICH & PAYNE, INC., a corporation, the Town of Taloga, Oklahoma, and Oft Exploration Company, Inc., Appellants.**

No. 50449.

Supreme Court of Oklahoma.

Feb. 7, 1978.

Shirley L. Collier, Collier & Fahle, Taloga, R. Dobie Langenkamp, Gary M. McDonald, Doerner, Stuart, Saunders, Daniel & Langenkamp, Tulsa, Leon Gavras, Carl H. Young, III, Halmerich & Payne, Inc., Tulsa, for appellants.

Tom J. Ruble, Taloga, John M. Rowntree, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, for appellees.

DOOLIN, Justice:

This appeal involves the question of ownership of the minerals under the streets and alleys of the Town of Taloga, Oklahoma. Both the town itself and the abutting property owners claim the mineral interests and the right to lease.

Taloga is located in Dewey County on land formerly a part of the Cheyenne-Arapaho Indian Reservation. On April 12, 1892, by presidential proclamation, Benjamin Harrison opened the land to settlement. In the same year the previously platted townsite was reserved and entry made pursuant to 43 U.S.C. 1891 §§ 1099, 718 and 719. The patent, in 1896, conveyed to probate judge Jerome Workman of the United States land office, the Taloga townsite in "trust for the several use and benefit of the occupants

thereof according to their respective interests". Judge Workman conveyed lots to settlers in accordance with the recorded plat. The deeds conveyed a fee simple title including tenements, hereditaments and appurtenances thereunto.

In January of 1975, the Town of Taloga executed an oil and gas lease which purported to lease the mineral interests in and to Taloga's streets and alleys to the predecessor in interest of co-appellant Helmerich and Payne, Inc. Co-appellee Hadson Ohio Oil Company owns oil and gas leases executed by abutting property owners.

Town of Taloga (Town) and Helmerich filed this quiet title action naming as defendants Hadson Oil Company and representative property owners. A few days later these defendants filed a representative action seeking to quiet title to the minerals in and under the streets and alleys in the abutting property owners (owners). The two actions were consolidated for trial.

Both sides moved for summary judgment based on stipulated facts. The trial court found 69 O.S.1971, § 1202[1] controlled and that Town of Taloga held only an easement in the streets and alleys which did not include the right to lease the minerals. The trial court granted summary judgment in favor of property owners. Town and Helmerich appeal.[2]

Town claims fee in the streets and alleys vested in the Town of Taloga upon entry of the townsite, prior to the conveyances to the settlers by Judge Workman. Owners submit 11 O.S.1971, § 515[3] and court decisions interpreting this statute control.

Town relies primarily on two Oklahoma Supreme Court cases interpreting the same federal townsite grant. The first, *League v. Town of Taloga*, 35 Okl. 277, 129 P. 702 (1913), involved a suit by the town seeking a resulting trust on a lot, marked on the original plat as "Town Building". At the

time of settlement all persons receiving lots were required to respect this and other reservations of lots for public purposes. This particular lot stood vacant for several years after Judge Workman completed his trust. A successor probate judge executed a deed conveying the lot to the grantors of defendant. This court held the successor probate judge had no authority to convey the Town Building lot to a settler in face of its reservation for a public purpose.

In the second case, *Foot v. Town of Watonga*, 37 Okl. 43, 130 P. 597 (1913), this court considered the Watonga townsite entered pursuant to the same federal act as Taloga. It was argued because the patent conveyed the entire town to the probate judge "for the benefit of occupants" neither the Secretary of the Interior nor the appointed commissioners had any authority to set aside tracts for public purposes. The plaintiff had entered on a lot marked on the plat as reserved for a public purpose in 1900, leased it, expended funds on it, and paid taxes on it. He then claimed it, apparently on the basis of adverse possession. Relying on *League v. Town of Taloga, supra*, this court held the town was not estopped to claim the lot for municipal purposes based on the plat, and denied plaintiff any rights in the property.

These two cases are distinguishable for several reasons. Neither case dealt with streets and alleys, nor did either case direct itself to ownership of the fee. The court correctly based its decision on findings that the *reservation of lots for public purposes* was authorized.

Owners argue, in support of trial courts decision, that Oklahoma law, in particular 11 O.S.1971, § 515, must be applied to ascertain the effect of the grants to the settlers under the patent. Section 515 provides:

---

1. This statute is a recodification of St.1890, § 4174 in effect at time of the settlement of Taloga. This section provides: "An owner of land bounded by a road or street is presumed to own to the center of the way, but the contrary may be shown."

2. When referred to in the opinion, Town will be considered as including co-appellant Helmerich & Payne and owners will be considered as including co-appellee Hadson Oil Co.

3. St.1890, § 736 in effect at settlement is identical.

"Donations and grants shown on plat deemed conveyances—Title to streets, alleys, etc.—When the plat or map shall have been made out and certified, acknowledged and recorded as required by this Article, every donation or grant to the public, or any individual or individuals, religious society or societies, or to any corporation or body politic, marked or noted as such on said plat or map, shall be deemed in law and equity a sufficient conveyance to vest the fee-simple of all such parcel or parcels of land as are therein expressed, and shall be considered to all intents and purposes a general warranty against such donor or donors, their heirs or representatives, to said donee or donees, grantee or grantees, for his, her or their use for the uses and purposes therein named, expressed and intended, and no other use and purpose whatever; *and the land intended to be used for the streets, alleys, ways, commons or other public uses in any town or city or addition thereto shall be held in the corporate name thereof in trust and to and for the use and purposes set forth and expressed or intended.*" (Emphasis supplied).

We construed this section in *Langston City v. Gustin*, 191 Okl. 93, 127 P.2d 197 (1942). In that case "Donated for Cemetery" marked on a plat was held to convey a fee simple title to the city. This holding was based on premise public purpose had not been abandoned by the city and on the fact the word "donated" or "granted" was used. The court further held the last phrase of the statute dealing with streets and alleys (emphasized above), conveys an easement only, with the *fee remaining in the dedicator and passing to his successors.*

In *City of Bartlesville v. Ambler*, 499 P.2d 433 (Okl.1972) this court, relying on *Langston City*, held where neither the word "donated" nor "granted" was used, the city

did not acquire a fee simple title to properties designated on the plat as drainage easements.[4] This act, 11 O.S.1951, § 511 et seq., has been held applicable to Indian land. In *Kennedy v. Hawkins*, 346 P.2d 342 (Okl. 1959) we held upon vacation of a street, it revested in dedicator or his grantees.

Under Oklahoma law, a city ordinarily does not own fee simple title to streets therein.[5] Fee title to streets, sidewalks and alleys is in abutting property owners.[6] It is apparent in Oklahoma a § 515 dedication for streets and alleys conveys only an easement to the municipality. The dedicator retains the fee which passes to his successors. In Taloga, the United States was the dedicator and the fee to the center of each street or alley passed to each grantee settler as successor owner.

Town attempts to persuade us § 515 should not be applied to a federal townsite grant. It submits a situation as in Taloga, wherein the town was platted *prior* to settlement, should be governed solely by federal instead of Oklahoma law. Town believes these townsites must be treated in a different manner than a platting created *after* the land was already settled, citing *Brown v. Parker*, 2 Okl. 258, 39 P. 567 (1894). In *Brown* the townsite of Chandler was set apart by the Secretary of the Interior as a county seat from land purchased from the Sac and Fox. The defendant made an early filing on a lot in Chandler unauthorized by the federal act. The territorial Supreme Court held the law of the United States gave lots to *good faith occupants* at the *date of entry*. Therefore it held the filing certificate issued by the probate judge *prior to entry* was not a good faith filing and of no legal force. This decision spoke only to the issue of the authority of probate judges which was controlled by the federal act. It does not stand for the position, espoused by Town, that

---

4. Also see *Oklahoma City v. State ex rel. Marland*, 193 Okl. 520, 145 P.2d 418 (1944).

5. *Selected Investments Corporation v. City of Lawton*, 304 P.2d 967 (Okl.1956); *City of Norman v. Ballard*, 202 Okl. 93, 210 P.2d 340 (1949).

6. *Woodville, Oklahoma v. United States*, 152 F.2d 735 (10th Cir. 1946), cert. denied 328 U.S. 842, 66 S.Ct. 1021, 90 L.Ed. 1617.

Oklahoma law does not apply to decisions regarding real property ownership in this state regardless of the manner in which land was settled.

In *Choctaw and Chickasaw Nations v. Board of County Commissioners*, 361 F.2d 932 (10th Cir. 1966) the circuit court, in interpreting a conveyance by these Indian nations, held the nature of the disposition of Indian lands under the guardianship of the United States is a matter of the intention of the grantor. If its intention be not otherwise shown, it will be taken to have assented that its conveyance should be construed and given effect *according to the law of the state in which the land lies.*[7] Town does not point to any federal statutory authority manifesting an intent state law should not be applied in determining the effect of townsite grants and patents. Therefore we assume it was the intention of Congress that Oklahoma law must govern. Town has not met its burden of proof under 69 O.S.1971, § 1202. Trial court properly held in favor of owners.

We note that our research reveals one case that could be construed as holding property owners in Oklahoma do not hold title to the center of an abutting street. In *Folsom v. Newman*, 283 P.2d 507 (Okl.1955), certain property owners were not permitted to vacate a street on the grounds the plat set the limits of their lots as the street line rather than the center of the street.[8] To the extent that case is contradictory to this opinion, it is hereby overruled.

AFFIRMED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

---

7. See *State of Oklahoma v. State of Texas*, 258 U.S. 574, 42 S.Ct. 406, 66 L.Ed. 771 (1922) cited by the circuit court.

8. *C. F. Harper v. Oklahoma City*, 208 Okl. 307, 255 P.2d 933 (1953). Also see *State ex rel. Burk v. Oklahoma City*, 522 P.2d 612 (Okl. 1974).